# Western Massachusetts Mutual Fire Insurance Company, Appellant, *v.* Girard Point Storage Co.

*Contract—Lex loci—Conflict of laws—Constitutional law.*

If a citizen of Pennsylvania, by a contract validly made outside of its boundaries, incurs a liability, no law of this state, can under the constitution of the United States, prevent his fulfilling that obligation, even by an act done within the state.

*Insurance — Foreign companies—Lex loci — Prohibitive Pennsylvania statutes.*

The issuance and delivery of insurance policies in Massachusetts makes the contract a Massachusetts contract to be governed by the laws of that state free from the taint of illegality by reason of the existence of penal or prohibitive legislation in Pennsylvania. Com. v. Biddle, 139 Pa. 605, followed.

Policies for property in Pennsylvania were issued in Massachusetts. These policies were canceled and the insured received a return premium. *Held*, in a suit to recover assessments imposed for losses, etc., incurred by plaintiff company while the policies were in force, that an affidavit was insufficient which set up as a defense that "the plaintiff being a foreign company had not prior to placing the insurance complied with the acts of assembly of Pennsylvania regulating the way in which foreign insurance companies should undertake the insurance of property in Pennsylvania."

Argued Oct. 12, 1897. Appeal, No. 79, Oct. T., 1897, by plaintiff, from order of C. P. No. 1, Phila. Co., Mar. T., 1896, No. 189, refusing judgment for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense in an action of assumpsit upon two policies of insurance to recover assessments levied upon the insured for losses and expenses incurred by the company during the life of the policies. Before BEITLER, J.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule for judgment. Plaintiff appealed.

*Error assigned* was discharging the rule for judgment.

*Francis S. Laws*, with him *Sharp & Alleman*, for appellant.— A contract as to its validity, nature, obligation and interpretation is to be governed by the laws of the place of performance: Story on Conflict of Laws, sec. 280; Bank v. Hall, 150 Pa. 466; Perlman v. Sartorius, 162 Pa. 320; Shattuck v. Ins. Co., 4 Caff. (Mass.) 599; Todd v. Ins. Co., 11 Phila. 355.

The mere fact that the subject-matter of the contract (the property insured) was located in Pennsylvania is not sufficient to change what is otherwise a Massachusetts contract into a Pennsylvania contract: Lamb v. Bowser, 7 Bissell, 315.

*John Hampton Barnes*, for appellee.—A corporation being a creature of law, has no existence outside of the jurisdiction which created it. One state may therefore prescribe the terms and conditions upon which business may be conducted in that state by corporations of another state: Paul v. Virginia, 8 Wall. 168; List v. Com., 118 Pa. 322.

Making such a contract or policy of insurance as the present is a carrying on of the business of insurance in the state of Pennsylvania, even though the negotiations, circulars, etc., may have been carried on through the mails and the policy delivered by mail: Com. v. Long, 1 C. C. 190; 6 Thompson on Corps. par. 7968; Heebner v. Ins. Co., 76 Mass. 131; Thwing v. Ins. Co., 111 Mass. 93.

All foreign corporations are prohibited from going into operation in Pennsylvania without having first complied with the Act of June 7, 1879, P. L. 112, sec. 1, and Act of April 4, 1873, P. L. 20.

Every policy, contract, or guaranty of a foreign fire insurance company which shall not have complied with the above and other laws of Pennsylvania in regard to foreign insurance companies, is illegal and absolutely void. See Act of February 4, 1870, sec. 1, P. L. 14, Pur. 105.

This act is constitutional and such contracts are void: Arrott v. Walker, 118 Pa. 249; Com. v. Vrooman, 164 Pa. 306: Act of May 1, 1876, sec. 47, P. L. 66, Pur. 1057, which is a supplement to act of April 4, 1873, supra.

No foreign insurance company which has not complied with the laws of Pennsylvania with regard to foreign insurance companies can recover in the courts of Pennsylvania on a contract

made in violation thereof : Ins. Co. v. Bales, 92 Pa. 352 ; Thorne
v. Ins. Co., 80 Pa. 15 ; Ins. Co. v. Heath, 95 Pa. 333 ; Lasher
v. Stimson, 145 Pa. 30.

OPINION BY PORTER, J., January 18, 1898 :

This is an appeal from the court below, discharging the rule
for judgment for want of a sufficient affidavit of defense.

The plaintiff is a corporation organized under the laws of the
state of Massachusetts. The defendant is a Pennsylvania cor
poration, to whom two policies of fire insurance were issued
by the plaintiff, covering property in Philadelphia. These poli-
cies were alleged by the statement of claim and admitted by
the affidavit of defense, to have been "issued and delivered
to the defendant at Springfield, Massachusetts." The insur-
ance was to cover the period from June 25, 1894, to June 25,
1895. On April 25, 1895, the policies were canceled and the
defendant received a return premium. On May 25, 1895, an
assessment was sought to be imposed upon the defendant for
losses and expenses incurred by the plaintiff company while the
policies were in force. The affidavit of defense denies liability
on the ground that : " the said plaintiff being a foreign insur-
ance company, had not prior to the placing of the said insurance
complied with the acts of assembly of the state of Pennsylvania
regulating and directing the way and manner in which foreign
insurance companies should undertake the insurance of prop-
erty in the State of Pennsylvania." And " that the placing of
the said insurance and the issuing of the said policies by the
plaintiff on the property of the defendant situated in the State
of Pennsylvania as aforesaid was contrary to the provisions of
the said statute " and " avers that under such circumstances
the plaintiff is not entitled to recover from . the defendant the
assessments," etc.

It is not necessary to a decision of this case to quote the
numerous provisions of the several acts of assembly. The pur-
pose of the system of legislation in Pennsylvania respecting fire
insurance has been, to limit the business to corporations created
under the laws of the commonwealth and to foreign corpora-
tions which have complied with certain expressed regulations.

The objects of the legislation have been for revenue and to
protect the citizens of the commonwealth from irresponsible and

unsupervised insurers. The methods of enforcing the legislative provisions are by the imposition of punishment upon the persons (principals or agents) who fail to regard the prohibitions; by imposing personal liability on agents attttempting to represent foreign insurance companies not complying with the law, and by declaring void, contracts made in violation of the several acts.

In the case now before us there is nothing to indicate that the plaintiffs were doing an insurance business in Pennsylvania. They had neither office nor agent within the commonwealth. The policies in the present case are admitted to have been "issued and delivered in Massachusetts."

True, the property insured was located in Pennsylvania. This, however, does not in our opinion bring the contract of insurance within the prohibitions of the statutes. The illustration used in Story on Conflict of Laws, sec. 278*a*, is applicable. He says: "So a policy of insurance executed in England on a French steamship for the French owner on a voyage from one French port to another, would be treated as an English contract, and in cases of loss the debt would be treated as an English debt. Indeed all the rights and duties and obligations growing out of such a policy would be governed by the law of England and not by the law of France, if the laws respecting insurance were different in the two countries."

The issuance and delivery of the policies in Massachusetts made the contract a Massachusetts contract to be governed by the law of Massachusetts, free from taint of illegality by reason of the existence of penal or prohibitive legislation in Pennsylvania. To hold otherwise would be to give to these acts extraterritorial effect, and to deprive the citizen of his constitutional right to make such contracts as he may desire beyond the boundaries of Pennsylvania: Allgeyer v. Louisiana, 165 U. S. 578.

In reaching the conclusion herein expressed we are guided by the opinion of the Supreme Court in the case of Commonwealth v. Biddle, 139 Pa. 605. It is true that there the case required only a construction of the penal acts. The expressions used, however, have direct application to the present case: "It may be readily conceded that an act which should attempt to prevent a non-resident owner of property in this state or a resident

owner not at the time within its territory, from insuring his property in any manner lawful in the place of contract, would be void as extra-territorial. So, also, it may be conceded that if a citizen of Pennsylvania has, by a contract validly made outside of its boundaries, incurred a liability, no law of this state can, under the constitution of the United States, prevent his fulfilling that obligation, even by an act done within the state. But, beyond the limitation imposed by the constitution, the power of the legislature to declare any acts done within the territory of the state unlawful or criminal cannot be questioned, and all considerations of wisdom or policy, of hardship, of difficulty or even impossibility of general enforcement, must be addressed to the law-making branch of the government."

The case of McBride v. Rinard, 172 Pa. 548, has been cited, as expressing a conclusion adverse to that reached by us in the present cause. That, however, was an action brought to hold a local agent of a foreign corporation personally liable as principal, and the remark contained in the opinion palpably refers to companies having an agency within the state. It cannot apply, in our opinion, to companies who have never come within the boundaries of the commonwealth, who have neither office nor agent here and who have but issued and delivered policies in another state in a particular instance to a citizen of Pennsylvania.

Neither precedent nor authority can be found in the cases cited by the defendant for holding that the transaction in this case comes within the statutes forbidding the doing of business in Pennsylvania.

The assignments of error are sustained; the judgment of the court below is reversed, and the record is remitted with direction to the court below to enter judgment against the defendants for such sum as to right and justice may belong unless other legal or equitable cause be shown to the said court why such judgment should not be so entered.