## The Phœnix Silk Manufacturing Company of Paterson, N. J., Appellant, *v.* Thomas A. Reilly et al.

*Practice, common pleas—Trial—Reservation of point of law where written contract is declared upon.*

Where the determination of a question of law reserved depends upon the construction of the written contract declared upon, it is not necessary to include in the point extraneous and incidental matters. If the entire contract is set forth in the declaration it need not be incorporated in the reserved point.

*Practice, common pleas—Trial—Demurrer—Reservation of point of law.*

The fact that the defendant in a suit upon a written contract did not raise by demurrer the question whether the suit was prematurely brought is no bar to the decision of it upon a point of law reserved.

*Contract—Construction of contract—Entire and severable contract.*

A board of trade of a borough, desiring that a corporation should establish its plant within the limits of the borough, agreed in writing that the corporation "during the first ten years' occupancy of the premises shall be exempt from borough taxation, and will be supplied with water for the natural uses of the business at a cost not exceeding $100 per annum." *Held,* that under the contract a suit could not be maintained for payments of water rent in excess of $100 for one year, or a number of years, before the expiration of the ten years mentioned in the contract.

*Corporations—Foreign corporations—Act of April 22, 1874.*

*It seems* that wherever a foreign corporation seeks to enforce in the courts of Pennsylvania demands accruing to it from the transaction of business within the state, it is bound to show, as part of its case, that it was entitled to do business in the state as a corporation, by having complied with the provisions of the Act of April 22, 1874, P. L. 108, relating to the appointment of agents and designation of place of business.

*It seems* that if a foreign corporation has filed a statement designating a place of business in one county, and subsequently removes to another county, it is bound to file a new statement designating the new place of business, and failing to do so it has no standing to enforce claims in its favor.

Argued Feb. 14, 1898.    Appeal, No. 176, Jan. T., 1898, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1894, No. 133, for defendants non obstante veredicto.    Before GREEN, WILLIAMS, MCCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Assumpsit on a written contract.

From the record it appeared that on June 2, 1887, defendants, members of the board of trade of Pottsville, entered into a written contract with the plaintiff company for the purpose of having the plaintiff erect a large silk mill in the borough of Pottsville.    The defendants guaranteed to the plaintiff that during the first ten years' occupancy of the premises the plaintiff would be exempt from borough taxation, and that water for the natural uses of the business of the plaintiff would be supplied at a cost not exceeding $100 per annum.    Suit was brought for the sum of $1,428, being the amount of alleged excess water rents from July 1, 1888, to October 1, 1893.    The plaintiff is a corporation of the state of New Jersey,. and it did not appear that it had complied with the act of April 22, 1874, designating a place of business in Pottsville.    The court reserved the following point:

" Whether under the contract declared upon the suit can be maintained for payments of water rent in excess of one hundred dollars ($100) for one year or number of years before the expiration of ten years from the time when plaintiff took possession, July, 1888." [1]

Verdict for plaintiff for $1,379.27, subject to the point of law reserved.

ENDLICH, J., filed the following opinion on the question of law reserved:

The answer of the court to the first and fourth points submitted by defendants was, that they were reserved.    The defendants excepted to the answers given to their points, which means, of course, to those not affirmed, and therefore covers the reservation of those reserved.    An exception to the reservation of a point leaves its correctness and sufficiency in fact and form open to inquiry: Koons v. Tel. Co., 102 Pa. 164; Cent. Bank v. Earley, 113 Pa. 477 ; Mohan v. Butler, 112 Pa. 590.

The first point is predicated upon an assumed failure of plain-

tiff to show any right of action in itself under the contract sued upon. That contract is, in its first clause, stated to be made between the board of trade of Pottsville and "Albert Tilt, president, and Joseph W. Congden, vice president, of the Phœnix Manufacturing Company" (the name of which, in 1893, was changed to the Phœnix Silk Manufacturing Company). It provides for the execution of a deed of the property referred to in it to "Albert Tilt" (not adding the words "president," etc., as above), and the use and occupancy of said property for the purpose of a silk mill by the Phœnix Manufacturing Company. It is signed by Walter S. Sheafer, president of the board of trade, and Albert Tilt, each adding a seal to his name. It is contended that it must be taken to be the individual contract of Walter S. Sheafer and Albert Tilt. Such doubtless is its appearance : Campbell v. Baker, 2 W. 83 ; Sharpe v. Bellis, 61 Pa. 69 ; Quigley v. DeHaas, 82 Pa. 267. But that appearance, rights of third parties misled by it being out of the way, does not preclude proof that it was intended, and in reality was, the contract of the Phœnix Manufacturing Company, with the right in the latter to enforce it by suit thereon : Wanner v. Emanuel's Church, 174 Pa. 466 ; Thomp. on Corps. secs. 5034, 5090, the private seal of the agent, in such case, being simply nugatory : Field on Corp. sec. 197 ; 1 Dill. Mun. Corp. sec. 452 ; 1 Pars. on Contracts, p. *141, and see Schmertz v. Shreeve, 62 Pa. 457. If there was no other proof (and there is an abundance of it) in the case that the contract sued upon was, in truth and in fact, and therefore in equity, the contract of the board of trade, represented by its president, with the Phœnix Manufacturing Company, represented by its president, it would be enough that the affidavit of defense filed (which is in evidence) admits and rests upon that fact, as does also the notice of special matter furnished under the plea of non assumpsit, in answer to a demand by the plaintiff, and that the settlement made and receipt given by defendants in 1888, on the completion of the building, etc., was made with and given to the Phœnix Manufacturing Company. The first point reserved, therefore, is not correct, and cannot become the basis of a judgment contrary to the verdict.

Art. XVI. sec. 5, of the constitution, provides that "no foreign corporation shall do any business in this state, without having one or more known places of business, and an authorized

agent or agents in the same, upon whom process may be served." The Act of April 22, 1874, P. L. 108, passed like the later enactment of June 1, 1889, P. L. 427, sec. 19, to carry out this provision (Hagerman v. Empire Slate Co., 97 Pa. 534; Campbell, etc., Co. v. Hering, 139 Pa. 473), after, in sec. 1, substantially re-enacting it, declares, in sec. 2, that no foreign corporation shall do any business in this commonwealth until it shall have filed in the office of the secretary of state a statement showing the title and object of the corporation, the location of its office or offices, and the name or names of its authorized agent or agents therein, the secretary's certificate of the filing of which statement shall be preserved for public inspection by each of said agents in each of said offices. That compliance with these requisitions is a condition precedent to the lawful transaction of business in this state by a foreign corporation, and that, without such compliance, its engaging in business here is utterly unlawful and can give rise to no rights the company can enforce in our courts, is very clear from the decisions of the Supreme Court in Thorne v. Ins. Co., 80 Pa. 15, Ins. Co. v. Bales, 92 Pa. 352, Ins. Co. v. Heath, 95 Pa. 333, Lasher v. Stimson, 145 Pa. 30, Holt v. Green, 73 Pa. 198, Johnson v. Hulings, 103 Pa. 498, and of the Secretary of the Commonwealth in Office, etc., Co. v. Mfg. Co., 1 Dist. Rep. 576. It is, however, claimed by plaintiff that it is not incumbent upon a foreign company suing for rights alleged to have arisen from business transactions in this state to aver or prove such compliance on its part with the law of the state, but that its noncompliance therewith must be shown by the opposite party, and that, in this case, the specification of defenses not embracing this one it must be deemed waived and cannot be noticed by the court even if it appears in the case. Whether there can be any waiver by an individual of an explicit constitutional and statutory prohibition, with the effect of permitting acts thus forbidden to become the basis of recovery in the courts of the state in which such prohibition obtains, is a grave question which it is not necessary now to discuss. The fallacy of the plaintiff's contention is apparent upon other grounds. The mere right of a foreign corporation to maintain a personal action in this state may be conceded: Leasure v. Ins. Co., 91 Pa. 491; Campbell, etc., Co. v. Hering, supra. Nor can there be any doubt that every person is pre-

sumed to have conformed to the law until the contrary appear by proof, the burden of which is on him who alleges it: Horan v. Weiler, 41 Pa. 470. But neither of these principles is conclusive on the point now under discussion. The difficulty here is not as to right of plaintiff to maintain a suit, but as to its right, in that suit, to recover a demand arising out of the fact that it has transacted business in the state, without showing that it did so in conformity with the law of this state. The presumption referred to, on the other hand, loses its significance the moment the fact clearly appears which negatives it. No presumption can prevail when the contrary is indisputably shown: Chalfant v. Edwards, 173 Pa. 246. And even if, in the absence of such showing, a presumption of conformity with the law might apply, relieving the plaintiff from affirmatively proving the same, the court would be bound to notice the contrary fact if it appeared, no matter how or when in the course of the trial: Johnson v. Hulings, 103 Pa. 498. But, obviously, the presumption in question can apply only where there is a recognizable person to whom it can be applied, and where the act which is the basis of the demand is one which, apart from any statutory restriction, the party would have a common-law or natural right to do, which right is simply made subject to compliance with statutory regulations. Every natural person, for instance, or domestic corporation organized for such purpose has, originally and apart from statutory restrictions, the same perfect right to sell liquor as to sell any other commodity or article of trade; by statute, that right has not been taken away, but its exercise subjected to certain regulations, one of which is that a license shall be obtained therefor; upon suit by such person or corporation for a demand arising from an alleged sale of liquor, i. e., from the exercise of a prima facie right, the presumption would necessarily obtain that that right had been lawfully exercised, that the statutory direction had been complied with, and this, therefore, as decided in Horan v. Weiler, supra, would have to be neither averred nor proved by the plaintiff. The case must be altogether different where the act out of which the demand arises is the act of one ordinarily not recognized as legally capable of doing it at all, and is therefore without any basis in common right, being, both in respect of the person of the actor and of the thing as done by him,

lawful only by virtue of a legislative grant imposing, at the same time, the conditions of legality. In such a case, until the performance of the condition be shown, there is no recognizable person to whom the presumption of regularity can apply, and the act itself is prima. facie unlawful. Certainly, no presumption of lawfulness can be invoked in such circumstances. Moreover, in the case first taken, the right was the pre-existing general rule, and the disability would have been the result of a subsequently imposed condition, the effect of the nonobservance of which would be to defeat the plaintiff's right of action. In the other case, as assumed, the disability must be regarded as the rule, and the right, as the exception whose operation depends upon the performance of conditions precedent contained in the very grant of the right. It is an elementary rule of pleading that matter of the former description need not be negatived by the plaintiff, but must be relied upon by defendant; and that matter of the latter sort must be averred and proved by the plaintiff as part of the right he seeks to enforce: 1 Chitty on Pleading (16th Am. ed.), pp. *246, 247. Now, foreign corporations have no absolute right of recognition in this state, but depend for that and for the enforcement of their contracts here upon the assent of this state, according to the terms it may prescribe: List v. Com., 118 Pa. 322. The constitution and laws of this state, denying all recognition to foreign corporations for the purpose of transacting business in this state and, by unavoidable implication, for the purpose of enforcing demands arising out of the transaction of such business, excepting only those which have complied and shall comply with certain requisitions, it would seem to follow, with logical necessity from the principles above indicated, that, wherever a foreign corporation seeks to enforce, in the courts of Pennsylvania, demands accruing to it from the transaction of business within the state, it is bound to show, as part of its case, that it was entitled to do business here as a corporation—that is, that it had complied with the act of 1874. To be sure, if that fact is not averred or proved, and the cause is permitted, without objection based on such omission, to go to the jury, the verdict of the latter would cure the defect upon the principle recognized in Weinberger v. Shelly, 6 W. & S. 336, Corson v. Hunt, 14 Pa. 510, Leckey v. Bloser, 24 Pa. 401, Quick v. Miller, 103 Pa. 67, McLenahan

v. Andrews, 135 Pa. 383, and similar cases. It was not permitted thus to be disposed of in this case. The objection was made. The plaintiff was bound to overcome it. No amount of hardship will avoid the bar of a condition precedent unperformed: Allegheny City v. Ry. Co., 159 Pa. 411, 419.

The contract was executed on June 2, 1887, contemplating the immediate erection of a silk mill in Pottsville and the commencement by the Phœnix Manufacturing Company of the business of manufacturing silk in said mill directly upon its completion. At the time, the company was operating a silk mill at Allentown, Pa., having, on April 23, 1883, filed a certificate, as required by the act of 1874, setting forth its corporate name, etc., the fact of its office being located at Allentown, and the name of its authorized agent there. It is scarcely open to doubt that the company was, by virtue of this compliance with the statute, authorized to enter into executory contracts in any part of the state. The fact that such contracts might contemplate the company's going into business, in the future, at some other place within the state, besides the one already certified, could not make them illegal. Contracts are always presumed to be entered into with reference to the laws of the place of performance: Burnett v. R. R. Co., 176 Pa. 45, and if the law of this state required the company, before transacting business in Pottsville, to file an additional statement and obtain an additional certificate, designating its new location and naming an agent there, it must be taken that the contract assumed that that would be done. If it was required and was not done, the transaction of business would be unlawful, but the contract itself would not be rendered invalid ab initio. That the statute does require an additional statement for every new location in another county of the state seems hardly questionable. The reference in the constitutional provision to "agent or agents . . . . upon whom process may be served" so indicates; and the statute says, the company shall file a statement of the location of its "office or offices," of the "name or names" of its "agent or agents therein." That statement, of course, must be a true statement and remain a true statement. If one office and one agent having been designated, an additional office is opened and an additional agent appointed for it, the original statement is no longer a true statement. In order to be a continuing com-

pliance with the statute it must be corrected, amended, supplemented, superseded, or whatever may be the fitting phrase, by one which does show the true condition of things. The plaintiff company did nothing in this direction until, its name having been changed on January 1, 1893, it, on October 16, 1893, filed a statement designating its offices and agents both at Allentown and at Pottsville. There seems to be no escape from the conclusion that from the time this silk mill went into operation, about July 1, 1888, the Phœnix Manufacturing Company was not lawfully doing business in this county; that it never acquired that right until under its changed name it filed the statement of October 16, 1893; and that, therefore, the plaintiff company has no standing to enforce any demands arising out of the fact of its having been engaged in business prior to that date. But the point submitted and reserved does not cover that question. It raises only the inquiry whether the contract of June 2, 1887, was valid or invalid. That, so far as the act of 1874 is concerned it was valid, has already been seen. The contract only declares certain rights and liabilities dependent upon future transactions. What the plaintiff seeks to recover here is what is claimed to be due to it by reason of expenses caused by said transactions and covenanted by the contract to be refunded. If those transactions were illegal, no enforceable liability can arise in respect of them by the covenant: Wilkes Barre v. Rockafellow, 171 Pa. 177. Obviously, the question in this case is not whether the contract was valid, but whether the enterprise out of the prosecution of which the plaintiff's demand arises was lawful. The question reserved in this point, therefore, is not a controlling one. Such it must be in order to sustain a judgment non obstante veredicto: Wilde v. Trainor, 59 Pa. 439. It follows that no decision can be predicated upon this point.

The question was raised on the trial by defendants and reserved by the court, "whether under the contract declared upon a suit can be maintained for payment of water rent in excess of $100 for any one year or number of years before the expiration of ten years from the time when the plaintiff took possession, July, 1888." It is, of course, true that a reserved point must state the facts upon which the question to be subsequently decided arises: Yerkes v. Richards, 170 Pa. 346. But it has

never, I think, been supposed that this rule, as old, at least, as
Edmonson v. Nichols, 22 Pa. 74, required the embodiment, in
a point, of those matters which form part of the pleadings in
the case.   The point itself is part of the record and is therefore
to be considered in connection with, and in the light of, the
pleadings.   Any other rule would make the reservation of
points at the trial, in most cases, a practical impossibility.   In
this case, the contract of June 2, 1887, is not only declared
upon, but set forth in plaintiff's narr.   So are the relations of
the contracting parties, the character in which they dealt with
each other, and their purposes.   These are to be treated as em-
bodied in the point, a rehearsal of them by which would have
been purposeless padding.

Whether an undertaking is to be regarded as entire or as
severable depends, not exclusively upon the divisibility of the
subject-matter, the method of performance or the mode of meas-
uring payments under it, but upon the intention of the parties
(Quigley v. DeHaas, 82 Pa. 267; Mining Co. v. Jones, 108
Pa. 55; Morris v. Wibaux, 159 Ill. 627; Craycroft v. Walker,
26 Mo. App. 469), to be gathered in each case from the whole
instrument (Quigley v. DeHaas, ubi supra), the language em-
ployed and the subject-matter to which it relates (2 Pars. on
Contracts, p. *517; Mining Co. v. Jones, ubi supra), and the
purposes obviously designed to be accomplished (Graver v.
Scott, 80 Pa. 88), in view of the situation and relations of the
parties: Williamson v. McClure, 37 Pa. 402; Allison's App.,
77 Pa. 221.

The declaration characterizes the defendants as dealing with
the plaintiff in the capacity of representatives of the Pottsville
board of trade, whose object was to advance the business inter-
ests of the community.   As concerns them, every provision in
this contract is manifestly inspired by and permeated with that
motive.   Their purpose, apparent from their situation and the
face of the contract, was to get a permanent industry to Potts-
ville, from which its business interests might expect to derive
advantage.   To this purpose the Phœnix Manufacturing Com-
pany acceded.   The establishment by it of a continuing enter-
prise of the kind contemplated was an essential part of the
consideration upon which the defendants assumed the duties
expressed in the contract, and must be presumed to have been

in the minds of both parties.    Hence the assumption by defendants of certain burdens " during the first ten years " of the operation of the mill necessarily implies, and depends for its binding efficacy upon, a condition, a reciprocal assumption by plaintiff, that the enterprise shall be continued for at least that period.    What is necessarily implied in a contract is as much a part of it as what is expressed: Slegel v. Lauer, 148 Pa. 236. If, however, that condition. that reciprocal understanding, is to be treated as part of the contract, how can it be said, before the expiration of the ten year period, that defendants' liability for any part of the cost of water has arisen and become perfect? In other words, is it not clear that, in order to give effect to the manifest and equitable intention of the parties at the time their minds met in this agreement, the provision relating to the cost of water and the promise implied therein to refund expenditures in excess of their guaranty must be treated as an entire one, the question of defendants' liability on which cannot be determined until the period fixed has elapsed?    It is not an answer to say that plaintiff has already paid more for water than its guaranteed cost for the entire period.    Non constat that defendants will ever be liable for the whole or any part of those payments. Future ones may be below the sum fixed, and may thus reduce the plaintiff's claim accumulated during the past years.    Or the business may be abandoned and no liability ever arise. Nor is there anything in the language of the provision which calls for annual settlements between plaintiff and defendants. The mention of " $100 per annum " simply furnishes the basis for the ascertainment of the ultimate liability for the entire period when the plaintiff's right to enforce it shall have accrued. That time not yet having arrived, it follows, not only that this suit was prematurely brought, which might merely go in abatement of it (1 Chitty Pl. * 469; compare, however, Benthall v. Hildreth, 2 Gray [Mass.], 288; Smith v. Bank, 5 S. & R. 317), warranting nothing more than the quashing of the writ (Blackburn v. Watson, 85 Pa. 241), but that there is presently no liability whatever upon the defendants, no existing cause of action upon which a suit can be based now, or, so far as can be ascertained, ever hereafter (which is clearly a defense in bar),—and therefore that, upon the reserved point last discussed, judgment must be entered for defendants notwithstanding the verdict.

This conclusion makes it unnecessary to give any detailed consideration to the rule for a new trial, which may be discharged. It may not be improper to say that, if the state of the record were not such as to permit the entry of a final judgment for defendants, the failure of the Phœnix Manufacturing Company to file a statement under the act of 1874, relating to its business, etc., in Pottsville, and the character of that part of the contract referring to the cost of water, as an entire one for the period contemplated, would require the verdict to be set aside, while the practically undisputed circumstance that the works and operations consuming water have been largely increased, beyond what was originally contemplated, would seem at least to call for a reduction of the amount allowed by the jury, who apparently overlooked this fact.

[The rule for a new trial is discharged, and the rule for judgment non obstante veredicto is made absolute.] [2]

*Errors assigned* were (1) that the point was not legally reserved; (2) in entering judgment for defendants non obstante veredicto.

*George M. Roads*, for appellant.—The reserved point was not legally reserved: Yerkes v. Richards, 170 Pa. 352; Edmonson v. Nichols, 22 Pa. 79.

The construction of a written instrument is exclusively for the court, except when it cannot be understood without reference to facts not within the writing, and then the jury are to judge of the whole together: Foster v. Berg & Co., 104 Pa. 324.

The acts and declarations of the parties may be considered, in giving a construction to their agreements: Pratt v. Campbell, 24 Pa. 184.

*John W. Ryon* and *S. H. Kaercher*, with them *N. Heblich* and *A. W. Schalck*, for appellees.—No exception was taken or objection made at the time by counsel for appellant to the form of the reserved point, and under the authorities no objection should now be considered by this Court: Heany v. Schwartz, 155 Pa. 154; Blake v. Metzgar, 150 Pa. 300; Ins. Co. v. Phœnix Ins. Co., 71 Pa. 31; Fulton v. Peters, 137 Pa. 616; Headley v. Renner, 129 Pa. 542; Koons v. W. U. Telegraph Co., 102

Pa. 164; Mohan v. Butler, 112 Pa. 590; Yerkes v. Richards, 170 Pa. 346.

The reservation was purely of a question of law, based on a proper interpretation of the contract of June 2, 1887, which was declared upon and had been offered in evidence: Newhard v. P. R. R., 153 Pa. 426; Koons v. Western Union Tel. Co., 102 Pa. 170; Quigley v. DeHaas, 82 Pa. 267; Mining Co. v. Jones, 108 Pa. 55; Morris v. Wibaux, 159 Ill. 627; Craycroft v. Walker, 26 Mo. App. 469; Graver v. Scott, 80 Pa. 88; Williamson v. McClure, 37 Pa. 402; Allison's App., 77 Pa. 221.

What is necessarily implied in a contract is as much a part of it as what is expressed: Slegel v. Lauer, 148 Pa. 236.

The mention of $100 per annum simply furnishes the basis for the ascertainment of the ultimate liability for the entire period, when the plaintiff's right to enforce it shall have accrued. That time not yet having arrived, it follows that this suit was prematurely brought: 1 Chitty on Pleading, *469; Benthall v. Hildreth, 2 Gray (Mass), 288; Smith v. Bank, 5 S. & R. 317; Blackburn v. Watson, 85 Pa. 241.

In certain cases by the agreement of the parties time may be made the essence of a contract (3 Maddox, 447; 6 Mad. 26); in which case it must be observed as strictly as at law. In other cases time is necessarily of the essence of a contract, from the nature of the subject-matter of the bargain: Shaw v. Turnpike Co., 2 P. & W. 454; Gill v. Lumber Co., 151 Pa. 538; Martin v. Fridenberg, 169 Pa. 451.

The entirety of a contract depends on the intention of the parties, not on the divisibility of the subject: Shinn v. Bodine, 60 Pa. 182; Davis v. Maxwell, 12 Metcalf (Mass), 286.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898:

Two questions are raised by the assignments of error. The first question is whether the point upon which judgment was entered non obstante veredicto was properly reserved, and the second question is "whether under the contract declared upon suit can be maintained for payment of water rent in excess of one hundred dollars for one year or number of years before the expiration of ten years from July, 1888." The objection made to the reserved point is that it is not sufficiently comprehensive. There is however no specification of an omis-

sion from it of any fact or circumstance material to an intelligent understanding or decision of the question presented by it. As the determination of this question obviously depended on the construction of the contract declared upon it was not necessary to include in the point extraneous and incidental matters. The entire contract is set forth in the declaration, and is therefore a part of the record. The cases cited by the plaintiff do not require the incorporation in the point of the pleadings in the case. The plaintiff admits that its case rests on the written contract and complains that the defendant did not demur to the declaration containing it. This they might have done, but were not required to do, and the fact that they did not raise by demurrer the question whether the suit was prematurely brought is no bar to the decision of it upon the reserved point.

The provision of the contract out of which this litigation grows is as follows : " The party of the first part further agrees that the party of the second part during the first ten years' occupancy of the premises shall be exempt from borough taxation, and will be supplied with water for the natural uses of the business at a cost not exceeding $100 per annum." The defendants are the parties of the first part and the plaintiff is the party of the second part. The contention of the plaintiff is that if, during the first ten years of its occupancy of the premises, the cost of the water required for the natural uses of its business shall in any year exceed $100, suit may be brought at once against the defendants for the excess. In other words, if in each year of the term the cost of the water needed for the natural uses of the business exceeds $100, the plaintiff may have a suit against the defendants at the expiration of each year for the excess of that year. If this is a correct interpretation of the contract it follows that, while the cost of the requisite water supply for one year may be $125, and the cost of it for another year may be but $75.00, the defendant must pay one eighth ($25.00) of the cost of the water for two years, while the plaintiff is required to pay but seven eighths (or $175) of it. It seems to us that this construction of the contract admits of results not contemplated by the parties. The defendants obviously entered into the contract for the purpose of aiding in the establishment of an important and permanent industry in Pottsville, and of promoting thereby its business

interests. This purpose is manifest on the face of the contract, and is emphasized by the pleadings in the case. The plaintiff, with full knowledge of the purpose in view, approved it, and that the parties mutually contemplated and provided for the establishment of a permanent enterprise is apparent from the terms of the contract, and notably from the provision in it we have quoted above.

The questions raised by the assignments were fully considered and discussed in an elaborate opinion by the learned judge of the court below, and as we fully concur in his conclusions respecting them, and approve the reasoning by which they are supported, we deem further consideration or discussion of the questions unnecessary.

Judgment affirmed.