Commonwealth Mutual Fire Insurance Company, to the use of William Stevens, Receiver, Appellant, *v.* Henry W. Sharpless and Townsend Sharpless, Copartners, trading as Sharpless Brothers.

*Insurance—Foreign corporations—Doing business.*

A contract of insurance on property in Pennsylvania, with a foreign insurance company, irrespective of where made, is an attempt to do business in Pennsylvania, so as to be forbidden by the statutes unless certain conditions are complied with.  Swing v. Munson, 191 Pa. 582, followed.

*Insurance—Unlawful contract—Foreign company—Assessment by courts of foreign state—Interstate comity.*

A contract of insurance was made with a Massachusetts company; the premium was paid to a local agent and the policy delivered in Pennsylvania by said agent; the insurance company was not authorized to do business in Pennsylvania, in which state the goods insured were located. *Held,* That a decree of the court in Massachusetts finding the insured defendants liable for certain assessments will not be enforced by the courts of Pennsylvania which, having in view public interests, will not lend their aid to the enforcement of an unlawful contract.

Argued Oct. 17, 1899.  Appeal, No. 49, Oct. T., 1899, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1898, No. 68, refusing judgment for want of a sufficient affidavit of defense.  Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.  Affirmed.  Opinion by W. W. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense.  Before the court in banc.

It appears from the record that this action was assumpsit to recover $170.75, being the amount of judgment and decree entered against defendants in the supreme judicial court of the commonwealth of Massachusetts.

It further appears that the judgment was rendered against defendants by virtue of the statutes of the state of Massachusetts, providing for the proceedings necessary in cases of insolvent mutual insurance companies, and method of assessment on the members for losses.  The statement of claim fully set out the facts showing the proper entry of judgment in a court

of record, the nature of the decree, the amount due and all the facts showing the judgment sued on to have been obtained in due course of law, after notice to defendants, and that demand was made and payment refused.

The affidavit of defense set out, inter alia, as follows:

The policy in question resulted not from any dealings between ourselves and the plaintiff corporation directly, but from our dealings with the plaintiff corporation through its agent, said A. S. Jenks. We paid the amount of the premium to said agent. He remitted the same, less his commissions or compensation, to the plaintiff corporation. The policy of insurance was delivered to us in Pennsylvania by said agent, A. S. Jenks, to whom the same was sent by the corporation plaintiff from the state of Massachusetts.

The contract was a contract for insurance made in the state of Pennsylvania, with a foreign insurance corporation acting in Pennsylvania through its agent, said A. S. Jenks, which corporation was not authorized to do business in the commonwealth of Pennsylvania because it had never complied with the statutes requiring it to do certain acts before doing such business. There was no delivery to us of said policy outside the state of Pennsylvania. There was no payment of consideration therefor by us outside of the state of Pennsylvania. The whole transaction, including the payment of the premium and the delivery of the policy, was within the state of Pennsylvania. The goods insured were in the city of Philadelphia. Our payment for the policy was by a check for the amount thereof and for other amounts drawn to the order of said Jenks. We have no knowledge of the manner in which said Jenks procured such insurance policies. Our action was limited to the acceptance of the policy when the same was delivered to us and of our payment of the premium to said Jenks. Before we accepted the policy delivered by said Jenks we examined the same. Until such examination and approval we were not bound to accept the policy.

The court below refused judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was in failing to make absolute rule for judgment for want of a sufficient affidavit of defense.

*Samuel W. Cooper*, for appellant.—The decree of assessment is a judgment which cannot be collaterally attacked by a member of the corporation in a suit to recover on such decree in the state of Massachusetts: Com. Ins. Co. v. Wood, 51 N. E. Rep. 19.

The same doctrine has been declared the law in other states: Whitaker v. Meley, 38 Atl. Rep. 840; Rand, McNally & Co. v. Mut. Ins. Co., 58 Ill. App. 528; Mallen v. Langworthy, 70 Ill. App. 376.

It seems to have been established beyond all argument, by the Supreme Court of the United States, that a stockholder is bound by the decree of a court of equity against the corporation in the enforcement of a corporate duty, although he is not a party as an individual, but only through representation by the corporation: Hawkins v. Glenn, 131 U. S. 319; Glenn v. Liggett, 135 U. S. 533; Telegraph Co. v. Purdy, 162 U. S. 329.

This very point has also been decided in various state courts.

In the case of Mutual Fire Insurance Company v. Phœnix Furniture Company, 66 N. W. Rep. 1095, will be found a most complete review of the cases on this point. The court in this case reversed its first judgment after reargument, and in doing so reviewed this ground completely.

The facts in that case were the same as in the present one, the suit being brought on an assessment against the member of a mutual company, such assessment having been made by the court of another state, and the question being, was this such a record as came within the constitutional provision.

The court held such decree of assessment to be a personal judgment which could not be attacked in this collateral proceeding save on the ground of payment or fraud.

The case before the court is stronger than any of the foregoing, because we have here the provisions of the statute of the state of Massachusetts, that this decree shall be a judgment, which cannot be attacked in any collateral proceeding; and we further have a decision of the highest court of record in that state confirming the statute law on this point.

The latest decision on the subject was delivered on February 24, 1899, in the Supreme Court of New York, appellate division, in an action brought by the very plaintiff in this pres-

ent suit, to recover the amount of a judgment rendered against another policy holder.

The defendants are challenged in their paper-book to show to this court any grounds which will entitle this court to reverse the opinion of the Supreme Court of the United States in the foregoing cases, or to overrule the other numerous decisions on this point.

This court is therefore requested to enter judgment in the present case on the ground that this is a suit, based on the judgment or decree of a court of record of another state, as to which no defense has been set up in the affidavit of defense.

The contract of insurance was executed, delivered, and to be performed in Massachusetts. Immediately upon the acceptance for the application for insurance, and the execution of the policy, in accordance with its terms, and the deposit of the policy in the mail, directed to the broker, the contract was complete, effectual, and binding on both insurer and insured. The minds of the parties had met, the offer made by one party had been accepted by the other, and nothing further remained to be done. There can be no possible doubt under the decisions that the company was liable upon its policy as soon as it was deposited in the mail.

This very point has been decided in our own state in Arthurholt v. Insurance Co., 159 Pa. 1.

The case of Com. Ins. Co. v. Knabe & Co., 50 N. E. Rep. 516, was a suit by the receiver of the very corporation which is the plaintiff in this suit, the supreme judicial court of Massachusetts.

It being perfectly clear, therefore, under the pleadings in this case, that the contract was made in the state of Massachusetts, it is equally as clear under the decisions that the insurance laws of this state forbidding foreign insurance companies from doing business here without having complied with the requirements of the statutes, cannot be invoked by way of defense.

In Allgeyer v. State of Louisiana, 165 U. S. 578, this point was expressly decided in a case arising upon a contract of insurance made by correspondence with a broker and a nonresident insurance company.

This court, in the case of Ins. Co. v. Storage Company, 6 Pa. Superior Ct. 288, which involved this very question, decided

on the authority of Allgeyer v. Louisiana, that where the contract for insurance is made out of the state on property situated in this state, a recovery can be had here for assessments.

It is true that the Supreme Court of Pennsylvania, in the case of Swing v. Munson, 191 Pa. 582, has flatly decided that a contract of insurance on property in Pennsylvania with a foreign insurance company, although made out of this state, is an attempt to do business in Pennsylvania, and cannot be enforced here.

It may be noted that Mr. Justice MITCHELL dissents to the judgment of the court in that case.

That court in its opinion, however, has apparently overlooked the decision of the United States Supreme Court in Allgeyer v. Ins. Co., and the decision of this court in Ins. Co. v. Storage Co.

*John G. Johnson,* for appellees.—The contract for insurance was made in Pennsylvania and the policy was delivered in that state.

We respectfully submit that inasmuch as there was an averment that Jenks was not the agent of the appellees, but of the appellants, that no bargain had been concluded concerning the insurance until after Jenks, acting for the appellants, delivered the same to the appellees ; that the premium had thereafter been paid by the appellees to Jenks acting as agent for the appellants ; and that Jenks had charged his compensation, as agent for the appellants, to the latter, it would have been impossible for the court below to have held that the policy of insurance had been delivered outside of this commonwealth.

The contract was not made until it was delivered. There was no delivery to the appellees, if their affidavit was true, in the state of New York. The only delivery to them was in this commonwealth by Jenks, acting as agent for the appellants. There was no agreement by appellees even that they would accept the policy until after Jenks, acting for the appellants, had presented the same to the appellees for their approval.

Even though the contract was made in another state, inasmuch as it insured property in Pennsylvania owned by a citizen of Pennsylvania, it was invalid.

It is hardly worth while to argue this proposition, in view of

what has been decided by the Supreme Court of this state in Swing v. Munson, 191 Pa. 582.

OPINION BY WILLIAM W. PORTER, J., January 17, 1900:

This Court held in Ins. Co. v. Storage Co., 6 Pa. Superior Ct. 288, a policy of fire insurance issued and delivered in Massachusetts upon property in Pennsylvania, to be a Massachusetts contract, governed by the laws of that state and free from taint of illegality, by reason of the existence of the penal and prohibitory legislation of Pennsylvania. We based our conclusion in part upon the case of Allgeyer v. Louisiana, 165 U. S. 578, and in part upon Commonwealth v. Biddle, 139 Pa. 605. In the case of Swing v. Munson, 191 Pa. 582 (decided since Ins. Co. v. Storage Co., supra), the Supreme Court of Pennsylvania has held differently. Assuming the contract in that case to have been made in the state of Ohio and lawful there, the Supreme Court held that it was a contract " in direct violation of the laws of this state ; it was the indemnification of a citizen of Pennsylvania against loss by fire on property wholly within Pennsylvania ; without regard to where the contract was made, the subject of it was property within this state ; it was the attempt of a foreign insurance company to do business in this state in violation of the laws of this state."

If the case at bar presented simply the question, whether the contract of insurance was one prohibited by the state legislation, the case of Swing v. Munson, supra, would be a definite decision of it against the appellant.

Further than this however, the affidavit of defense in this case asserts in detail that the premium was paid to a local agent; that the policy was delivered in Pennsylvania by the said agent; that the contract for insurance was made in Pennsylvania ; that the foreign insurance company acted in Pennsylvania through its agent ; that the insurance company was not authorized to do business in Pennsylvania; that no consideration passed for the policy outside of the state of Pennsylvania ; and that the goods insured were in the city of Philadelphia. In the face of this affidavit and the case of Swing v. Munson, supra, it would be idle to discuss the right to the entry of judgment, if the case were a suit brought in Pennsylvania for assessment made under the policy by the company.

It is urged, however, that the suit is not upon the policy but is based upon a decree of the court of Massachusetts finding the defendants liable for certain assessments and that the decree cannot now be attacked. The statement of claim shows that the decree was based upon an assessment ordered by the court of Massachusetts against the several policy-holders, and that after the assessment was computed, it was ascertained that $170.75 as due by the defendants. The statement recites the transaction which resulted in the issuance of the policies and the proceedings upon which the decree was based. It does not appear that the defendants were served with legal process in those proceedings. It is now said that the defendants are liable under that decree and may not be heard to set up the defense contained in their affidavit.

Even should it be conceded that the court of Massachusetts had the right to settle the matter of the general assessment, we are not prepared to admit that, in the absence of the defendants and without service of process upon them, the court of Massachusetts could enter a decree which would prevent the defendants from setting up a defense in Pennsylvania which goes not to the amount and propriety of the general assessment, but to the validity of the contract of insurance itself. A contention that the decree is binding upon the absent defendants, because the court of Massachusetts had power, by virtue of the terms of the contract of insurance, to enter the decree and to make the assessment, involves a concession of the validity of the contract, in order to uphold the jurisdiction. But the contract, by the statements in the affidavit, is invalid, inasmuch as the property insured was within the state and the foreign insurance company was not qualified to do business within the state. It will be observed that in Swing v. Munson, supra, the contract itself was held to be unenforceable, and emphasis is laid upon the fact that the public interests were involved. It is there said: " In enforcing a policy in the interest of the whole public, the law takes but little note of the conduct of the immediate parties to the contract; the rule is, that the courts, having in view public interests, will not lend their aid to the enforcement of an unlawful contract."

We proceed no further in the discussion, inasmuch as the case must go back for trial. Being of the opinion that no error was committed by the court below, the order is affirmed.