COMMONWEALTH MUTUAL FIRE INSURANCE COMPANY ET
AL. V. HAYDEN BROTHERS. *

FILED MARCH 6, 1901.   No. 11,468.

1. **Insolvent Corporation: ACTION FOR CLOSING AFFAIRS: ASSESSMENT BY COURT: EXTENT OF JUDICIAL DETERMINATION.** In an action brought for the purpose of winding up the affairs of an insolvent corporation an assessment made by the court upon the stockholders of such corporation is a conclusive judicial determination only to the extent that it ascertains the amount of corporate assets and liabilities and declares the necessity for making the assessment ordered.

2. **Foreign Judgment: BASIS OF ACTION: CONCLUSIVE: JURISDICTION OF FOREIGN COURT.** A judgment rendered against a party in one state is conclusive upon him when made the basis of an action in another state, unless the court rendering the judgment was without jurisdiction.

3. ———: **FULL FAITH AND CREDIT: JURISDICTION.** A judgment rendered by a court of one state is entitled to full faith and credit in the courts of another state, only to the extent that jurisdiction appears or may be presumed.

4. **Insolvent Corporation: JURISDICTION: PERSONAL JUDGMENT AGAINST STOCKHOLDER.** A court having jurisdiction of an insolvent corporation for the purpose of winding up its affairs has no authority to render a personal judgment against one of its stockholders who is not a party to the action by service of process or voluntary appearance. Neither has the court in such case authority to adjudicate the fact of membership in the corporation.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. Rehearing of case reported in 60 Nebr., 636. *Judgment below affirmed.*

*Richard S. Horton,* for plaintiff in error.

*T. J. Mahoney* and *F. H. Larson, contra.*

SULLIVAN, J.

This case, which was brought by the plaintiff in error to enforce two assessments made by the supreme judicial court of Massachusetts against the firm of Hayden Bros. as a member of an insolvent insurance corporation, was submitted and decided at the last term. *Commonwealth*

*Rehearing allowed.

*Mutual Fire Ins. Co. v. Hayden,* 60 Nebr., 636. Afterwards a rehearing was allowed and additional arguments presented. In the light of these arguments we have reexamined the grounds of our former decision, and have reached the conclusion that the petition does not state a cause of action, and that the district court was right in sustaining the demurrer directed against it. It is shown by appropriate averments that the orders and decrees of the Massachusetts court, which are made the basis of this suit, were made and rendered in an action in which George S. Merrill was complainant and the insurance company, the plaintiff herein, was defendant. It is not alleged that the defendant in this case was a party to that suit, and the inference to be deduced from the petition is that the court did not get jurisdiction over it by any of the ordinary methods of obtaining personal jurisdiction. It is not, indeed, contended that the defendant firm was served with any kind of process in Massachusetts, or that it entered a voluntary appearance in the action, or agreed in advance to be bound by some substituted form of service; but the argument by which it is sought to sustain the assessments as judgments *in personam* is that jurisdiction of the corporation included jurisdiction of the shareholders. In other words, it is asserted that the court, in the absence of the defendant and without giving it notice or an opportunity to be heard, had authority to adjudicate the fact of membership and render a personal judgment for a specific sum. This position is repugnant to the fundamental principles of justice and is not, we believe, sustained by any well considered case. "It is," says Mr. Justice Gray in *Goldey v. Morning News,* 156 U. S., 518, "an elementary principle of jurisprudence, that a court of justice can not acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want

of due service." Further along in the same opinion it is said that "under the provisions of the constitution of the United States and of the acts of congress, by which judgments of the courts of one state are to be given full faith and credit in the courts of another state, or of the United States, such a judgment is not entitled to any force or effect, unless the defendant was duly served with notice of the action in which the judgment was rendered, or waived the want of such notice."

The principle of the case just cited controlled the decision in *Wilson v. Seligman*, 144 U. S., 41, which was an action by a creditor of an insolvent corporation to enforce a stockholder's liability. ` The defendant Seligman, a citizen of New York, was adjudged by a Missouri court, upon facts substantially like those involved in the present case, to be a stockholder of an insolvent corporation, and a personal judgment was rendered against him. This judgment was held to be void for want of jurisdiction. The opinion, written by Mr. Justice Gray, states the grounds of the decision in the following language: "In the case at bar, the defendant never resided in Missouri, and was not served with process within the state, either upon the original writ against the corporation, or upon the motion for execution against him. He denies that he was a stockholder, and the question whether he was one was not tried or decided in the controversy between the plaintiff and the corporation, nor involved in the judgment recovered by one of those parties against the other. Under the statute of Missouri, and upon fundamental principles of jurisprudence, he is entitled to legal notice and trial of the issue whether he is a stockholder before he can be charged with personal liability as such; and personal service of the notice within the jurisdiction of the court is essential to support an order or judgment ascertaining and establishing such liability, unless he has voluntarily appeared, or otherwise waived his right to such service, which he has not done in this case." This decision is cited with approval in the recent case of *Whitman v. Oxford Nat. Bank*, 176 U. S., 559.

*Hancock Nat. Bank v. Farnum*, 176 U. S., 640, was an action brought in Rhode Island upon a judgment recovered by a creditor of the Commonwealth Loan & Trust Company, an insolvent corporation, in the state of Kansas. The declaration pleaded the judgment and charged that the defendant was a stockholder in the loan and trust company. The court held that a cause of action was stated, and that the decision of the circuit court of the United States for the district of Kansas was conclusive upon shareholders of the corporation; but that it was not considered as an adjudication of the fact of membership in the corporation clearly appears from the following extract from the opinion of Mr. Justice Brewer: "We do not mean that it [the judgment] is conclusive as against any individual sued as a stockholder that he is one, or if one, that he has not already discharged by payment to some other creditor of the corporation the full measure of his liability, or that he has not claims against the corporation, or judgments against it, which he may, in law or equity, as any debtor, whether by judgment or otherwise, set off against a claim or judgment, but in other respects it is an adjudication binding him."

In our opinion, the rule to be deduced from the cases referred to, and from a large number of other cases which have been examined, is that an assessment made by a court upon the stockholders of an insolvent corporation is a conclusive judicial determination only to the extent that it ascertains the amount of corporate assets and liabilities and declares the necessity for making the assessment ordered. *Great Western Telegraph Co. v. Purdy*, 162 U. S., 329; *Howarth v. Angle*, 162 N. Y., 179; *Howarth v. Lombard*, 175 Mass., 570; *Wilson v. St. Louis & S. F. R. Co.*, 108 Mo., 588; *Langworthy v. Garding*, 74 Minn., 325; *Ball v. Reese*, 58 Kan., 614; *Pennoyer v. Neff*, 95 U. S., 714, 723. This, as we understand it, is the doctrine of *Howarth v. Lombard*, *supra*, upon which plaintiff mainly relies. In the course of the opinion Knowlton, J., after stating that stockholders are bound by a decision fixing the amount

NEBRASKA REPORTS. [Vol. 61

necessary to be raised by assessment, goes on to say: "Of course the defendant may show if he can that he is not a stockholder of this bank, or not a stockholder for so large an amount as alleged, or may make any other defense that is personal to himself. But we are of opinion that, as a member of the corporation, he is bound by the decision of the court of the state where the corporation was organized, made in administering its affairs in insolvency and determining the amount of its assets and liabilities and the amount of the assessment which should be made upon the stockholders."

The record of the Massachusetts court is entitled to full faith and credit only so far as jurisdiction appears or may be presumed. If the defendant was not before the court as the result of a voluntary appearance, or the service of lawful process, its relation to the corporation has not been judicially determined and is still an open question. The plaintiff might have stated a cause of action by alleging that defendant was one of its shareholders at the time the liabilities were incurred for which the assessments were made, but this it did not do. And it might have made a case by simply pleading the action of the court and relying on the presumption of jurisdiction which ordinarily results from the rendition of a judgment by a superior court, but this it also failed to do. It not only pleaded the decrees of the court, but went farther and alleged facts showing the method by which it is claimed jurisdiction of the defendant was obtained. The matters pleaded, however, disprove jurisdiction and show that the fact of membership has not been adjudicated. Our conclusion is that jurisdiction of the insurance company did not confer upon the Massachusetts court authority to render a personal judgment against Hayden Bros., and that to the extent it assumed to do so its action was void.

The judgment heretofore rendered in this court is set-aside and the judgment of the district court is

AFFIRMED.