# Employers Mutual Insurance & Service Co., Appellant, *v.* Pakradooni.

*Foreign corporations—Insurance companies—Doing business in Pennsylvania—Failure to register—Effect.*

A foreign insurance company, which was not authorized to do business in Pennsylvania, cannot collect assessments levied by its directors against a policyholder, on a policy insuring against strikes at a plant located in Pennsylvania.

Where the plaintiff failed to allege the necessary authorization to do business, and furthermore averred, what was tantamount to an express statement, that it was not authorized to do business in Pennsylvania, a judgment was properly entered in favor of the defendant.

If a contract on which suit is brought was made in violation of the law of the state, it cannot be enforced in any court, sitting in the state, charged with the interpretation and enforcement of its laws.

Argued December 9, 1924. Appeal, No. 285, Oct. T., 1924, by plaintiff, from judgment of Municipal Court of Philadelphia, June T., 1924, No. 1272, in favor of defendant, in the case of Employers Mutual Insurance & Service Company, in the hands of James W. Bothwell, William J. Michel, C. Stanley Hurlburt, William E. Thomsen and Arthur M. Seigk, v. Haig H. Pakradooni, trading as International Printing Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover assessment on insurance policy. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant on questions of law raised in the affidavit of defense. Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*John C. Gilpin,* and with him *Graham & Gilfillan,* for appellant.

*Lewis, Adler & Laws,* and with them *Otto Wolff, Jr.,* for appellee.

OPINION BY KELLER, J., February 27, 1925:

This is an action brought by the receivers of an insolvent foreign mutual insurance corporation to recover an assessment levied by its directors against a policyholder residing within this State. The policy insured defendant against loss occasioned by the prevention of

operation of his printing establishment, located at No. 236 Chestnut Street, Philadelphia, caused by a strike of his employees at his plant there. It was issued at Baltimore, and was a Maryland contract, but the insurance covered a business plant or establishment permanently located within this Commonwealth. It had none of the characteristics of ambulatory insurance contracts, such as life and accident insurance policies, or contracts covering personal property intended for transportation. It was as fixed and stationary as fire insurance upon a building, and indemnified a resident of this State against loss by strike to a plant or business located within the State. It effected insurance on property in Pennsylvania and was just as much a transaction of business within this Commonwealth as if the company had insured the plant against fire.

The plaintiffs failed to allege in their statement that the company was authorized to do business in Pennsylvania, as is necessary to be done when the averments of the statement show a doing of business by a foreign corporation within this Commonwealth, (Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526). Furthermore it averred that at the time of the issuance of the policy it "had no property, office, officers, agents, or brokers in the State of Pennsylvania," which is tantamount to an express statement that it was not authorized to do business in this State, since the appointment of an agent within the State is a necessary step to be taken by foreign corporations seeking the right to do business here. On the face of the pleadings, therefore, the issuance of the policy by the company insuring property in Pennsylvania was in violation of the provisions of the act then in force regulating insurance companies, June 1, 1911, P. L. 607; and the court below was justified in entering judgment for the defendant on the question of law raised in his affidavit of defense, following the decision of the Supreme Court in Swing v. Munson, 191 Pa. 582.

It was held in that case, which was an action against a policyholder of a foreign mutual fire insurance company to recover an assessment to pay losses, that inasmuch as the policy insured property in Pennsylvania and the company was not authorized to do business here, no recovery could be had in a suit based on the policy, and whether the insurance was effected in Ohio or Pennsylvania, the result was the same. The court said: "It was a contract.....in direct violation of the laws of this State; it was the indemnification of a citizen of Pennsylvania against loss by fire on property wholly within Pennsylvania; without regard to where the contract was made, the subject of it was property within this State; it is the attempt of a foreign insurance company to do business in this State in violation of the laws of this State," p. 586. This was followed in this court in Commonwealth Mut. Fire Ins. Co. to use of Stevens, Receiver, v. Sharpless, 12 Pa. Superior Ct. 333—overruling our previous ruling in Ins. Co. v. Storage Co., 6 Pa. Superior Ct. 288,—which held that the receiver of a foreign insurance company could not recover in the courts of Pennsylvania an assessment levied against a policyholder in this State, growing out of a policy contract which insured property in this State in violation of law. The purpose of the statute was to protect our citizens and property owners against irresponsible foreign insurance companies. The evil to be corrected was not alone the writing of a policy by an unlicensed company within the State, but the writing of such a policy at all. A similar ruling has been made in other jurisdictions. See Seamans v. Zimmerman, 90 Iowa 230, 59 N. W. 290; Com. Mut. Fire Ins. Co. v. Hayden, 60 Neb. 636, 83 N. W. 922 (reversed on another ground in 61 Neb. 454, 85 N. W. 443); Rose v. Kimberly & Clark Co., 89 Wis. 545, 62 N. W. 526; Swing v. Cameron, 145 Mich. 175, 108 N. W. 506.

The appellant relies chiefly on the decision of the Supreme Court of the United States in Allgeyer v.

Louisiana, 165 U. S. 578. But that was a prosecution against the owner of 100 bales of cotton, about to be shipped from New Orleans to another port, who mailed a letter of advice to the Atlantic Mutual Ins. Co. of New York, which had no authority to do business in Louisiana, notifying that company of the shipment of the cotton in accordance with the terms of an open marine insurance contract made and to be performed outside the State; which, it was alleged, was in violation of a statute of the State of Louisiana. That case simply held that a statute of a state punishing the owner of property for obtaining insurance thereon in another state was unconstitutional: Nutting v. Massachusetts, 183 U. S. 553, 557. But the decision does not hold that an insurance contract made in violation of the laws of a state may be enforced within the state which prohibited it. It is still the law, "that if the contract on which the suit was brought was made in violation of a law of the state, it cannot be enforced in any court sitting in the state, charged with the interpretation and enforcement of its laws": Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 733; McMullen v. Hoffman, 174 U. S. 639, 654; Pittsburgh Const. Co. v. West Side Belt R. Co., 154 Fed. 929 (C. C. A. 3d Circuit); Buffalo Refr. Mach. Co. v. Penn Heat & Power Co., 178 Fed. 696 (C. C. A. 3d Circuit).

The Supreme Court of the United States has frequently recognized the right of a state to regulate the doing of the business of insurance within its borders and to prohibit such business by foreign corporations except under the conditions fixed by statute, provided they do not interfere with interstate commerce. In Nutting v. Mass., supra, p. 556, the court said: "A state has the undoubted power to prohibit foreign insurance companies from making contracts of insurance, marine or other, within its limits, except upon such conditions as the state may prescribe, not interfering with interstate commerce." See also Hooper v. California, 155

U. S. 648; Security Mut. Life Ins. Co. v. Prewitt, 202 U. S. 246; Delamater v. South Dakota, 205 U. S. 93. Contracts of insurance are not articles of commerce: Paul v. Virginia, 8 Wallace 168. The business of insurance is not commerce: Hooper v. California, supra. ·

Many of the federal cases cited above were prosecutions for violations of state insurance laws. Conviction was sustained where the company or its agent was held to be doing business in the State: Hooper v. California, supra; Nutting v. Mass., supra. It was set aside where the citizen was prosecuted for insuring his own property with a foreign insurance company in another state: Allgeyer v. Louisiana, supra. But there is a wide difference between a prosecution against a citizen for insuring his own property in an unlicensed foreign corporation and an attempt by the insurance company to enforce in the courts of this State a contract declared illegal by statute. The distinction is recognized in. Swing v. Munson, supra, p. 588. There is certainly nothing in the Allgeyer case nor any other decision of the United States Supreme Court called to our attention, which requires the courts of this State to enforce a contract made contrary to its laws. The policy contract forming the basis of this suit may be valid and enforceable in the State of Maryland. The defendant Pakradooni may be protected by the Allgeyer decision from any prosecution for having entered into it. But this Commonwealth will not lend the use of its courts and process to carry into effect a contract which its law-making body had forbidden; Thorne v. Travelers' Ins. Co., 80 Pa. 15, 28; Lasher v. Stimson, 145 Pa. 30, 35; Johnson v. Hulings, 103 Pa. 498.

The assignments of error are overruled and the judgment is affirmed.