Carlos Wilcox and Daniel R. Barber, Appellants, *vs.*
F. A. W. Davis, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Where the *intention* with which a Plaintiff made a purchase becomes material in a Court of Equity, such intent may be directly alleged as a fact, without setting out in the pleading the acts and declarations at the time of the purchase.

The difference between the doctrine of merger, at law and in equity, is, that at law, when the superior and inferior estates meet in the same person, they always merge; and in equity, the merger will be controlled by the intention of the party in whom the estates meet, in uniting the same: or where there is an union of the estates without the act of the party, as by inheritance, the merger will be governed by the circumstances of the case and the interest of the party.

The Respondent Davis, having the title in fee to certain lands, under Warranty Deeds, and which lands were subject to two outstanding mortgages given by the Respondent's grantor, purchased, and took an assignment of the senior mortgage, " with intent," (as he alleges in the complaint for the foreclosure thereof,) " to hold the same as the first lien and charge upon the land." The answer, without denying this *intent*, admits the purchase, etc., but sets up certain facts attending the same, which, it is claimed, show an intent to simply pay off the mortgage, and that thereby the title under the assignment of the mortgage became *merged* in the fee, and that the Defendants, (owners of the *junior* mortgage,) held the first lien upon the property. A demurrer to this portion of the answer was sustained by the District Court, and the Defendant appealed.

Points and authorities of Appellants:

*First.*—A demurrer will not lie to a portion of an answer or part of a defence.

*Second.*—That, while the rule is inflexible at law, that a merger will result from the meeting of two estates or titles in the same person and in the same right, equity will interpose to prevent a merger, if such be the evident intention of the parties ; but that intention, in order to overcome the absolute rule

25

of law, must be clearly indicated by the acts of the parties, or the circumstances attending the transaction. 2 *Kernan* 556–7–8; 2 *Cow.* 318; 1 *Cow.* 476–8–9; 2 *Cow.* 195; 1 *Barb.* 278; 2 *McLean C. C.* 446; 8 *Barb.* 585; 11 *Wend.* 116; 4 *Wend.* 382; 1 *Sand. on Uses and Trusts*, 330, 331, *note first ;* 1 *Hilliard on Mort.* 484, 494, 497, 499, 501.

*Third.*—That the facts set up in the answer, and demurred to by Plaintiff, were of the *res gesta* of the execution of the warranty deeds from Pierse to Davis, by which the latter became invested with the paramount title, in which the other is claimed to have merged, and one therefore material as indicating the intention of the parties and showing that it was not their purpose to maintain the two estates or interests separate. *Fonblanque's Eq., page* 425, *note* 163; *Ibid.* 426, *note a, etc., and cases cited, Starr vs. Ellis,* 6 *John. Ch.* 393.

*Fourth.*—That where it is necessary or material to show the intention of a party to a certain transaction, it is not sufficient merely to aver, that his intention was thus or thus; or, that the Plaintiff's intention was to preserve the two estates separate ; but the facts and circumstances showing such intention, if there are any, must be pleaded.

*Fifth.*—That the effect of the demurrer being to reach the first defect in the pleadings, so far as the Plaintiff seeks to obtain a decree of foreclosure against, and a sale of the property embraced in the Defendant's mortgage and decree, or to have said decree modified, his complaint and the facts admitted by the demurrer, show facts sufficient to entitle the Defendants to a dismissal of the action as to them.

Points and authorities of Respondent.

*First.*—The Plaintiff may demur to one or more several defences, and reply to the residue. *Stat. of Minn., Sec.* 71, *page* 541.

*Second.*—The exceptions to the Common Law rule of merger, are, first, when there is a declared intention on the part of the mortgagee, that the equitable and legal titles shall continue distinct; secondly, where the intention to continue the mortgage may be fairly presumed from the acts of the mortgagee; and, thirdly, where the law will presume such intention from

the circumstances of the case, without regard to the acts of the mortgagee, which it will do in two cases. First, when for the interest of the party the mortgage should continue, and secondly, when from the situation of the parties he cannot make his election. 2 *Cowen* 300, 313, 318, *James vs. Morey;* 2 *Kernan,* 536, *Cleft vs. White;* 6 *John. Ch. R.* 393, *Starr vs. Ellis;* 1 *Barb. S. C. R.* 271, *Mechanic's Bk. vs. Edwards.*

*Third.*—The answer pleads no facts showing an intention on the part of the assignee of the mortgage, to have the equitable interest merged in the legal title. The interest of the party forbids the presumption of such an intention. In an equitable case like this, it is incumbent upon the Appellants to show such intention.

D. COOPER, Counsel for Appellants.

VAN ETTEN & OFFICER, Counsel for Respondent.

*By the Court.*—FLANDRAU, J. The answer of the Defendants Wilcox and Barber contains two separate defences. The first one is a prior suit in which the rights of the parties have been litigated and determined in favor of the Defendants, and the second, that the Plaintiff's mortgage has become merged and extinguished by the union in the Plaintiff of the legal and equitable estates in the land.

The first defence is well pleaded and issue is taken upon it. The second is demurred to.

In examining the sufficiency of the second defence, we must look to the complaint. It is evident that the pleader in drawing the complaint, was aware that the purchase by the Plaintiff of the first mortgage while he held the fee of the land, would operate as an extinguishment of it by way of merger, unless there was some exception to the rule in his case to save it. He therefore alleged, that the "Plaintiff with intent to hold the said first mortgage and retain the same as a lien upon said property, did purchase the same and pay a full and adequate consideration therefor and receive the assignment thereof as hereinbefore stated and set forth."

If the intention with which the Plaintiff purchased the

mortgage is well pleaded in the above quoted averment, then the mortgage would not be merged, because in equity, the question of merger depends upon the intention of the party in taking the estate. I will therefore first consider the objections made by the Defendants to this allegation ; and after showing that the intention of the Plaintiff is well pleaded, apply the second defence stated in the answer to the complaint, and show that without a denial of the intention alleged in the complaint, the defence fails.

The counsel for the Defendants contends that an allegation cannot be made directly that a party acted with a certain intention. That the intention is a conclusion to be arrived at by the establishment of facts and circumstances. That as a witness cannot testify directly concerning the intention of a party, nor can a party himself so testify concerning his own intention, but must state facts and circumstances, therefore such facts and circumstances and not the intention itself must be pleaded.

This position is not well taken. Intention or motive, is an operation of the mind, a mental act, which may take place, but remain confined in the mind which conceived it, and never be susceptible of proof unless it is evidenced by some act or declaration of the party which betrays it. We say a man's motives must be judged by his acts ; the act therefore becomes the evidence or proof upon which we convict of the intention. In pleading, the fact to be established must be stated, and not the evidence upon which it depends, and which will be introduced on the trial in support of it.

Suppose in this case, the Plaintiff wishing to procure this mortgage to enforce it as a prior lien, had been doubtful as to the legal effect of a purchase of it by him while he owned the fee, and not intending it should merge, had, before purchasing, consulted his counsel to ascertain if he could do so without its becoming extinguished by meeting the fee, and had been assured that the result in equity would depend upon his intention at the time he made the purchase, and he had thereupon taken the assignment, declaring that he did so for the sole purpose of controlling the first lien on the premises, and did not mean that it should merge. In such case, the intention of the

Plaintiff, would be a particular condition or status of his mind; a position mentally assumed, which would be made known to others by his acts and declarations, which acts and declarations would be the evidence upon which the intention would be determined, but by no means the intention itself.

When the intention with which the Plaintiff made the purchase becomes material in a court of equity, can it be possible that the Plaintiff in pleading it, must set out all the facts and circumstances above detailed? or would it be the better pleading directly to allege the intention? I feel no hesitation in saying that the former course would be pleading evidence and therefore unwarrantable, and the latter, facts, and therefore proper.

In pleading title, a party always alleges that he is seized of the fee, etc., and not that it was conveyed to him by another. The former is the fact, and the latter the evidence of it.

So also in criminal pleading, where the intention with which an act is done constitutes the crime, it is always sufficient directly to charge that it was done with a feloneous intent, which upon trial is made out by the proof of such facts as would naturally indicate the requisite state of mind.

The allegation of intent is well pleaded in the complaint, and not being denied by the answer, stands admitted.

The second defence set up in the answer, consists of a series of facts and circumstances which are designed to show that the Plaintiff's mortgage merged in the fee when he purchased it. It seeks to show a condition of things incompatible with an intention in the Plaintiff to keep alive the lien of the mortgage, and would perhaps be available for that purpose if accompanied by a denial of such intention as alleged in the complaint; but as it leaves the fact admitted that the mortgage was purchased by the Plaintiff with intent to keep up the lien, it may all be true and yet not make out a defence, as the whole doctrine of merger in equity hinges upon the intention with which the estates are united.

In 1 *Maddock's Chancery*, at *page* 540, the rule in equity is laid down as follows: "On this subject the general rule appears to be, that a person becoming entitled to an estate liable to a charge, (a mortgage for instance) for his own benefit, may

if he chooses, at once take the estate and keep up the charge. Upon this subject a court of equity is not guided by the rules of law. It sometimes holds a charge extinguished where it would subsist at law; and sometimes preserves it where at law it would be merged. The question is upon the intention actual or presumed of the person in whom the interests are united. In most instances it is, with reference to the party himself, of no sort of use to have a charge upon his own estate, and where that is the case it will be held to sink, unless something shall have been done by him to keep it on foot."

This is the language of Sir William Grant, Master of the Rolls, in the case of *Forbes vs. Moffat*, 18 *Ves. Jun.* 393. It is cited as the law of merger by Justice Sutherland in *James vs. Morey*, 2 *Cow.* 303. Chief Justice Savage in the case last cited, at page 313, gives the law of merger as follows:

"The doctrine of merger as derived from the decisions of Great Britain and this State, seems to be this, that when the legal and equitable estates become united in the same person, the equitable is merged in the legal estate unless, first, the party in whom they unite manifests an intention to keep them separate; or, second, it is manifestly his intention to keep them so; but when it is indifferent whether they unite or not, or when an intention to unite them is shown, then they shall be united."

In the same case on *page* 318, Mr. Senator Cramer states it to be as follows:

"From all the authorities which I have been able to examine, I consider the rule well settled, and I think it a rule founded upon good sense and justice that when the legal and equitable claims are united in the same person the equitable title is merged, and no longer exists except in special cases." He cites as "explicit and decisive" of this point, 3 *John. Ch. Rep.* 53; 5 *Ib.* 214; 6 *Ib.* 309; 2 *Ves. Jun.* 361. He then proceeds:

"The only exceptions to this rule are, first, when there is a declared intention on the part of the mortgagee that the equitable and legal titles shall continue distinct; secondly, where an intention to continue the mortgage may be fairly presumed from the acts of the mortgagee; and thirdly, where the law

will presume such intention from the circumstances of the case without regard to the acts of the mortgagee, which it will do in two cases. First, when for the interest of the party the mortgage should continue; and secondly, when from the situation of the parties (as in the case of an infant,) he cannot make his election. These are all the cases to be found in which the mortgage will be deemed a subsisting incumbrance, when the mortgagee has the legal and equitable estates united in himself. But when it is indifferent to the party whether the charge should or should not subsist, it always merges."

The doctrine of merger is clearly and correctly expressed in the above quotations, as it is understood and administered by courts of equity. The difference between the doctrine at law and in equity, being, that at law when the superior and inferior estates meet in the same person they always merge, and in equity the merger will be controlled by the intention of the party in whom the estates meet in uniting the same; or where there is an union of the estates without the act of the party, as by inheritance, the merger will be governed by the circumstances of the case, and the interest of the party under the rules above mentioned.

The complaint shows that there was no merger. The answer does not deny the fact in the complaint which saves the mortgage, and in this respect fails to make out the second defence. The court therefore did right to sustain the demurrer.

The judgment is affirmed, and the case remanded.