PATRICK C. SAVIN *vs.* JOHN BOND and J. JESSE
MOORE.

*Judgment of Condemnation in Attachment, and Payment of
same by Garnishee, a Bar to an Action by Defendant against
him—Art. 10, sec. 37, of the Code—Const. U. S., Art. 4,
sec. 16.*

S. distrained the goods of B. for rent.   B. replevied them, M. becoming
surety on the replevin bond.   The justice of the peace before
whom the proceedings were had, rendered judgment in favor of B.,
S. appealed to the Circuit Court, which rendered judgment for S.
*de retorno habendo* of the property, valued at $75 and costs, amount-
ing in the whole to $94.34.   Afterwards the C. & O. C. Co., to
whom S. was indebted in the sum of $143.75, sued out of the
Supreme Court of the District of Columbia a foreign attachment
against him, and laid it in the hands of B. and M. as garnishees.
B. answered and admitted indebtedness to S. in the sum of $94.34,
and M. answering said, he was surety on the replevin bond, and in
that way, but no other, was indebted to S. in a like sum.   S., B.
and M. were citizens of Maryland.   The Supreme Court rendered
judgment of condemnation against B., garnishee, and in favor of
the C. & O. C. Co. for $94.34, and judgment against S. for $143.75.
It appeared from the record, that the judgment of condemnation
was paid by B.   S. sued B. and M. on the replevin bond.   S. gave
in evidence the replevin bond.   B. and M. gave in evidence the
record from the District, and an agreed statement of facts.   HELD:

That the judgment of condemnation in the District, and the pay-
ment of the same was a bar to S's action, under Art. 10, sec, 37, of
the Code, and the Constitution of the United States, Art. 4, sec. 16.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON,
MILLER, ALVEY, ROBINSON, IRVING, RITCHIE and MAGRU-
DER, J.

Savin *vs.* Bond and Moore.

*A. K. Syester,* for the appellant.

*H. K. Douglas,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The facts of this case are as follows: Savin, the appellant, distrained the goods of John Bond for rent, Bond sued out a writ of replevin from a justice of the peace, and executed a replevin bond with J. Jesse Moore as surety in the penal sum of $150. The justice of the peace rendered a judgment in the replevin suit in favor of Bond, the plaintiff, Savin, appealed, and the Circuit Court for Washington County reversed the judgment of the justice of the peace, and rendered a judgment in favor of Savin, *de retorno habendo* of the property, valued at $75 and costs.

On the 17th day of September 1877, Savin the appellant instituted this suit on the replevin bond against Bond and Moore.

Five pleas were filed by the defendants, which need not be particularly stated, as by the agreement of the parties, all errors in pleading were waived.

The plaintiff having proved the execution of the bond, and that the appraised value of the property mentioned in the recital of the bond, and which had been taken in the distress proceedings therein referred to, was $74.85, rested his case. Whereupon the defendants to support the issues on their part joined, read in evidence the record of proceedings in the Supreme Court of the District of Columbia, which record at length is omitted by consent, and the following statement of facts in lieu thereof, is taken and accepted, to wit:

On the 26th day of May 1877, the Chesapeake and Ohio Canal Company, commenced an action by way of foreign attachment against Savin, the appellant, in the Supreme Court of the District of Columbia, claiming the

sum of $143.75, to be due it from the said Savin. Process was issued against Savin, and was returned "cannot be found." On the same day, a writ of attachment was also issued, to affect the rights and credits of Savin, in the hands of the garnishees. The writ, together with interrogatories, was duly served on Bond and Moore on the same day. On the 6th day of June 1877, Moore filed his answer to the writ and interrogatories, and confessed his indebtedness to Savin in the sum of $94.34, adding "I being security on replevin bond for John Bond for said amount, P. C. Savin distrained John Bond's property for rent; said Bond replevied his goods, and P. C. Savin appealed to Court, and there had a decision in his favor."

And on the same day, (June 6 1877,) John Bond, the other garnishee, also filed his answer thereto, stating "I am indebted to P. C. Savin in the sum of $94.34."

On the 31st day of December 1877, the following judgment was entered by said Court: "It appearing to the Court, that though the defendant was duly notified of the pendency of this suit by publication, he has not entered his appearance therein. And it appearing that the defendant is indebted to the plaintiff in the sum of $143.75, with interest from 15th November 1876, besides costs. And it appearing by the answer of the said garnishee Bond, that he is indebted to the said defendant in the sum of $94.35, and no cause having been shown to the contrary: It is considered by the Court, that said sum of $94.35 of the defendant's, so attached by the Marshal as aforesaid, be and the same is hereby condemned in the hands of said garnishees, towards the satisfaction of the plaintiff's above demand and costs; and that the plaintiff have execution thereof against the said garnishee, which said judgment was duly entered according to the rules of said Court."

The following statement of facts was agreed upon, as if they were given in evidence by competent testimony.

" That the money for which Bond confessed judgment
of condemnation, as per record from District of Columbia,
offered in evidence by defendants, was money which was
payable by Bond to said Savin, as appears by papers in
No. 6 appeals, March T. 1877, which are to be admitted
in evidence to show value of property seized by the dis-
tress, and for all other purposes pertinent to the trial of
this cause; that at the time of said judgment of condem-
nation, confessed by Bond as aforesaid, the Canal Com-
pany was indebted to Bond as an employé, (subject to
exception by the plaintiff as to its admissibility,) and that
the Canal Company retained from the wages and pay of
Bond, with his consent, enough to pay said judgment of
condemnation and costs ; it is admitted that the defend-
ant can prove that the debt sued for in this action, is the
same debt or credit that was seized in the attachment
proceeding ; and, if the Court shall regard this offer as
admissible and competent in this action, it shall be re-
garded as a fact proved in the cause ; but the plaintiff
does not admit or agree that it is competent or admissible
evidence, and reserves his right to object to the same.    It
is further agreed that the defendants, Moore and Bond,
and the plaintiff Savin, are each and all citizens and resi-
dents of the State of Maryland, and that they were such
before and at the time of contracting the debt or obliga-
tion sued for in this action, and at the time said attach-
ment was issued and laid, and that the said debt or obli-
gation was, and is payable in Maryland."

Upon this statement of facts the plaintiff offered two
prayers as follows :

1st. That the plaintiff is entitled to recover, notwith-
standing the record of proceedings in attachment in the
Supreme Court of the District of Columbia, read in evi-
dence by the defendants, and the other evidence in the
cause.

2nd. That the said record of proceedings and judgment
of condemnation in the Supreme Court of the District of

Columbia, constitutes no defence to this action, and the plaintiff is entitled to recover the appraised value of the property replevied, as shown by the appraisers, according to the agreed statement of facts.

. These prayers were refused by the Circuit Court, and the prayer of the defendants was granted, instructing the jury that upon the agreed statement of facts, and the record from the District of Columbia, given in evidence, the plaintiff is not entitled to recover, if the jury find such record offered in evidence is correct.

It is provided by the Code, Art. 10, sec. 37, (Revised Code, p. 675, sec. 16,) that " Any judgment of condemnation against a garnishee and execution thereon, or payment by such garnishee, shall be sufficient, and pleadable in bar in any action brought against him by the defendant in the attachment, for or concerning the property or credits so condemned."

In this case, it appears that the judgment of condemnation was paid to the Canal Company by Bond, one of the defendants.

This was as effective as if the same had been paid by Bond and Moore ; and if the judgment of condemnation was valid, and conclusive upon Savin, the defendant therein, such payment extinguished the indebtedness of the defendants to the plaintiff. *Drake on Attachments, sec.* 710.

The case then turns upon the question of the validity and effect of the judgment of condemnation.

Under the Constitution of the U. S., Art. 4, sec. 1, "full faith and credit shall be given in each State, to the public acts, records and judicial proceedings of every other State." *Revised Statutes U. S., sec.* 905.

It was decided in *Hughes vs. Davis,* 8 *Md.,* 271, that this provision is applicable to judgments rendered in the District of Columbia.

In the construction of the constitutional provision, the following propositions have been settled by judicial decision :

1st. That a judgment rendered in one State by a Court having jurisdiction, has in every other State the faith and credit of a domestic judgment. *Bank U. S. vs. Merchants' Bank,* 7 *Gill,* 430.

2nd. In support of such judgment jurisdiction is presumed, and the *onus* of disproving it rests upon the party assailing it. This was decided in the case last above cited, and also in *Bissel vs. Briggs,* 9 *Mass.,* 462, and *Scott vs. Coleman,* 5 *Littell,* (*Ky.*) 349.

3rd. The service of process upon Bond and Moore, the garnishee, within the District of Columbia gave the Supreme Court jurisdiction to render the judgment in question. *Cooper vs. Reynolds,* 10 *Wall.,* 316; *Starbuck vs. Murray,* 5 *Wend.,* 148; *Blyler vs. Kline,* 14 *P. F. Smith,* 130; *Taylor vs. Phelps,* 1 *H. & G.,* 501.

In this case, the judgment relied on by the defendants comes incidentally in question, in such case it is laid down in *Taylor and McNeal vs. Phelps,* 1 *H. & G.,* 501, that if it " be by a Court of competent jurisdiction, it has the force and effect of a domestic judgment, and the correctness of it cannot be examined into, but it is conclusive. We refer also to *Barney vs. Patterson,* 6 *H. & J.,* 182.

The objection made by the appellant that the garnishee was not a citizen of the District of Columbia, is without force. His debt to the appellant was payable wherever he was found, *Turner vs. Williams,* 26 *E. C. L.,* 110, and process having been served upon him, the Supreme Court of the District had unquestionably jurisdiction to render the judgment; and the same having been paid, it follows that there was no error in granting the prayer of the appellees and refusing those of the appellant.

*Judgment affirmed.*

(Decided 21st July, 1881.)