### N. C. OLSON vs. JOHN HURLEY.

#### December 22, 1884.

| 33   39|
| 74  330|

Pleading—Admission by Failure to Deny.—In an action for the price of intoxicating liquor, when an allegation of the complaint that the plaintiff was duly licensed to sell the same is not denied by the answer, the license stands admitted, and further proof of it is not required.

Action commenced before a justice of the peace in Goodhue county to recover a balance alleged to be due for money loaned and liquors sold. After the pleadings were closed, plaintiff was allowed to amend the complaint by inserting "that during all the time said goods were being delivered to defendant, said plaintiff was duly licensed to sell spirituous liquors," etc. The defence pleaded in the answer was that defendant was an habitual drunkard. The plaintiff having recovered judgment before the justice, the defendant appealed to the district court upon questions of law alone. The district court, McCluer, J., presiding, refused to hold that there was no evidence to sustain the justice in the finding that defendant was not an habitual drunkard, but reversed the judgment upon the ground that there was no evidence to show that plaintiff was licensed to sell spirituous liquors. Plaintiff appeals from the judgment of reversal.

J. C. McClure, for appellant.

Chas. Parks, for respondent.

BERRY, J. This was an action before a justice of the peace, to recover an unpaid balance of $14.70, claimed to be due for money lent and intoxicating liquor sold by plaintiff to defendant. The justice rendered judgment for the plaintiff for the amount claimed, whereupon defendant appealed to the district court upon questions of law.

The return containing all the evidence, and showing no formal proof made by plaintiff of license to sell intoxicating liquor, the district court, upon the authority of *Solomon* v. *Dreschler*, 4 Minn. 197, (278,) ruled that he could not recover for the liquors furnished, and reversed the judgment of the justice accordingly. In so doing the court must have overlooked the fact that the complaint, as amended, alleged that the plaintiff was duly licensed to sell intoxicating liquor at the time of the sales to defendant, and that this allegation of the complaint is not denied in the answer, (so far as the record shows,) and therefore stands admitted. As to the question whether the evidence showed defendant to be an habitual drunkard, we find no reason to differ from the court below.

The judgment of the district court is reversed, and the judgment of the justice affirmed, without *remittitur*.