HENRY C. JAMES *vs.* ANTON JORDAN and wife.

## May 25, 1887.

Trial by Court—Review of Findings of Fact.—In a case tried by the court without a jury, findings of fact upon oral testimony will not be disturbed by this court on appeal, where there is evidence reasonably tending to support the same.

The plaintiff brought this action in the district court for Ramsey county, to recover half of the profits made upon the purchase and resale of certain real estate, it being alleged in the complaint that the plaintiff and the defendants entered into an agreement to purchase the land in question, the title to be taken in the name of the defendant Anton Jordan, the plaintiff and the defendants each to furnish one-half of the necessary money, and each to have one-half of the profits, and that the real estate was purchased and resold in pursuance of the agreement at a large profit for which the defendants refuse to account to the plaintiff. The answer admits that the defendant Anton Jordan purchased and resold the real estate at a profit, (stating the amount,) but denies that the purchase and sale were made under any agreement with the plaintiff, or that he was interested therein. The action was tried without a jury before *Brill, J.,* who found that the defendant Anton Jordan and the plaintiff made the agreement alleged in the complaint, and that the purchase and resale were made in pursuance of it, and ordered judgment for plain-

tiff. Defendant Anton Jordan appeals from an order refusing a new trial.

The third assignment of error referred to in the opinion is that "said court below rendered judgment against the appellant and in favor of the respondent, whereas, by the laws of the land, judgment should have been rendered in favor of the appellant and against the respondent."

*John B. & W. H. Sanborn*, for appellant.

*John F. Fitzpatrick*, for respondent.

VANDERBURGH, J. Under the assignment of error, there is substantially but one question to be considered in this case, and that is as to the sufficiency of the evidence to support the findings of fact by the trial court, that plaintiff and defendant Anton Jordan made an agreement whereby it was mutually agreed by them that they would purchase the real estate described in the complaint, and take the title thereto in the name of Jordan; that each should furnish half the money necessary therefor; that the property should be sold as soon as satisfactory to the parties, and the profits divided equally between them. It is also found by the court that the plaintiff had been previously negotiating for the purchase of the property in question on behalf of himself and defendant, but without disclosing his own name, and had received a proposition for the sale thereof by the owner; and in pursuance thereof a contract for the sale of the premises to defendant was completed.

1. The case was tried before the court without a jury, and the question as respects the nature of the agreement determined, upon oral evidence produced by the parties before the court. In such cases this court will not disturb the finding of the trial court upon questions of fact where there is evidence reasonably tending to support it. *Martin* v. *Brown*, 4 Minn. 201, (282;) *Knoblauch* v. *Kronschnabel*, 18 Minn. 272, (300.)

2. It would serve no useful purpose to review the evidence in detail in this opinion, but, from a careful examination, we are satisfied that there is sufficient evidence to make out plaintiff's case, and to sustain the findings of the court as made. The evidence in plaintiff's behalf tended to prove that the alleged agreement was the result of

negotiations between plaintiff and defendent and his wife, extending over a considerable period, and, when finally closed, plaintiff's proposition, embracing substantially the terms of the agreement as found by the court, was accepted by the defendant Anton Jordan. These terms were, as plaintiff testifies, talked over and well understood between plaintiff and defendant's wife, who was authorized by him to confer with plaintiff upon the subject, and called upon plaintiff for that purpose, and duly reported the same to defendant Anton, who the next day, being fully advised in the premises, assented to the arrangement, and entered into the agreement of purchase accordingly.

The second assignment of error, which is that the court erred in failing to find that there was no express agreement made between the parties, but an implied agreement that plaintiff should act as the attorney for the defendants in examining the title, and securing the land for them, is practically included in the first. The affirmative finding of the first agreement, as alleged, necessarily excluded the implied one referred to.

The third assignment is too general to be available.

It is not shown by the evidence, and is not found, that plaintiff was the attorney for defendants in this matter. He had acted as their attorney previously, in other matters, but we observe nothing in their relations preventing plaintiff from entering into the agreement with defendants as alleged and found, and his relations with the vendor of the property were fully understood by them, and, if the vendor was satisfied, they are in no position to raise the objection. This is a question, however, which is not included in the appellant's assignments of error.

Order affirmed.