BENJAMIN F. LANGWORTHY v. NICHOLAS GARDING.

November 29, 1898.

Nos. 11,324—(99).

Foreign Corporation—Certificate to Do Business in Minnesota—Noncompliance with Statute Matter of Defense.

In an action brought by a foreign corporation in a court of this state, it is not incumbent upon such corporation to show that it has complied with our statutes, and has obtained a certificate of authority to transact business within our borders.   Noncompliance with the law in reference to obtaining such a certificate is a matter of defense.

Insolvency Proceedings in Foreign Jurisdiction—Members of Association Parties—Assessment.

In proceedings in a court of another state to wind up a domestic mutual insurance corporation, as an insolvent, in which said court has jurisdiction of the subject-matter and of the defendant company, the members thereof are parties through representation by the corporation; and, until attacked and directly set aside in appropriate judicial proceedings, an assessment made in the action upon the members is conclusive evidence in the courts of this state of the necessity of making such an assessment, and, to that extent, binds each of the members without personal notice to him.

Same—Mutual Insurance—Payment of Assessments—Statute of Limitations.

Where a policy holder in such company contracts to pay a sum certain by such instalments as the directors of said company shall assess and order for the losses and expenses of said company, the statute of limitations does not begin to run in favor of the policy holder until an assessment is made.

Action in the district court for Stearns county to recover $204.75. From an order, Searle, J., denying a motion for a new trial, after a verdict for defendant, plaintiff appealed. Reversed.

*Wicks, Paige & Lamb* and *C. W. Greenfield*, for appellant.

In a suit brought by a foreign corporation it is not necessary for the plaintiff either to allege or to prove a compliance with the law which permits such foreign corporation to do business within the state. Noncompliance is a matter of defense. Williams v. Cheney, 3 Gray, 215; American v. Cutler, 36 Mich. 261; Sprague v. Cutler, 106 Ind. 242; Acme v. Rockford, 10 S. D. 203; Horan v. Weiler, 41 Pa. St. 470; Hartwell v. Root, 19 Johns. 344; Lawson, Presump. Ev. 81. The fact that the complaint alleged a compliance did not impose upon the plaintiff the burden of proving it. Steamboat War Eagle v. Nutting, 1 Minn. 201 (256).

The duly-authorized decree of the circuit court of Illinois, making the assessment against the company of which defendant was a member and plaintiff the receiver, is binding on the defendant and is not open to attack in this suit. Lycoming v. Langley, 62 Md. 196; In re Commercial (R. I.) 36 Atl. 930; Morris v. Farmers Mut. Fire Ins. Co., 63 Minn. 420; Taylor v. North Star Ins. Co., 46 Minn. 198; Capitol v. Boggs, 172 Pa. St. 91; Eichman v. Hersker, 170 Pa. St. 402; Ward v. Farwell, 97 Ill. 593; Glenn v. Liggett, 135 U. S. 533. It has been so held where this identical decree was involved. Rand v. Mutual, 58 Ill. App. 528; Parker v. Stoughton, 91 Wis. 174; Mutual v. Phœnix, 108 Mich. 170; Thompson v. Mutual, 66 Ill. App. 254; Mallen v. Langworthy, 70 Ill. App. 376; Farwell v. Parker, 59 Ill. App. 43; Parker v. Central, 3 Ohio Nisi Prius, 207; Langworthy v. Nelson, 14 Nat. Corp. Rep. 212. This decree is entitled to the same faith and credit in every state that is given it in the

state of Illinois. Mills v. Duryee, 7 Cranch, 481;. Christmas v. Russell, 5 Wall. 290; Green v. Van Buskirk, 7 Id. 139; Hanley v. Donoghue, 116 U. S. 1; Cole v. Cunningham, 133 U. S. 107; Holt v. Johnson, 50 Mo. App. 373; Griggs v. Becker, 87 Wis. 313; Leep v. St. Louis, 58 Ark. 407; Brown v. Parker, 28 Wis. 21; Parker v. Stoughton, supra; Mutual v. Phœnix, supra.

*George H. Reynolds*, for respondent.

Respondent contends that the Illinois decree authorizing the receiver to levy an assessment on the stockholders of the insurance company is not conclusive as to this respondent, who was not served with process and was not a resident of Illinois; and, further, since the decree does not purport to levy an assessment but simply authorizes the receiver to make such levy, appellant's position is untenable. See Parker v. Lamb, 99 Iowa, 265. And his position is still more untenable from the fact that the petition which was the basis for the decree does not ask that an assessment be made by the court. Reynolds v. Stockton, 140 U. S. 254. This decree is not an adjudication and respondent can defend against the assessment and any action based thereon. Great Western Tel. Co. v. Purdy, 162 U. S. 329; Parker v. Lamb, supra; Warner v. Delbridge, 110 Mich. 590. Whether the decree is entitled to the same faith and credit in every state that is given it in Illinois, is essentially a federal question. Hawkins v. Glenn, 131 U. S. 319; Glenn v. Liggett, 135 U. S. 533; Mutual v. Phœnix, 108 Mich. 170; Parker v. Stoughton, 91 Wis. 174. The appellant failed to show at the trial that the Illinois court had jurisdiction to make the assessment, or that respondent was a member of the insurance company and liable upon the assessment; hence the court below did not err in instructing the jury to find a verdict for defendant. Wyman v. Gillett, 54 Minn. 536. Appellant's right of action is barred by the six years statute of limitations, as the cause either accrued at the time the company became insolvent or at such time as either the directors, the assignee or the receiver, could have levied an assessment. Hospes v. Northwestern Mnfg. & Car Co., 48 Minn. 174; State v. Norton, 59 Minn. 424; Sanford v. Lancaster, 81 Me. 434.

Under the various provisions of the statutes regulating insur-

ance business in this state, it was plaintiff's duty to prove at the trial, as a condition precedent to his right to recover, not only that the company was authorized to do business in this state, but that the agent was also duly licensed. See Seamans v. Christian Bros. Mill Co., 66 Minn. 205; Handy v. St. Paul Globe Pub. Co., 41 Minn. 188; Buckley v. Humason, 50 Minn. 195; 1 Pomeroy, Eq. Jur. § 402.

The plaintiff receiver is not authorized to bring this suit, as the territorial extent of his jurisdiction and power for the purposes of bringing actions is confined to the state appointing him. Seamans v. Christian Bros. Mill Co., supra; Parker v. Lamb, supra; Ayres v. Siebel, 82 Iowa, 347; High, Rec. § 239; Hurd v. City, 41 N. J. L. 1; Comstock v. Frederickson, 51 Minn. 350; Seamans v. Zimmerman, 91 Iowa, 363; Seamans v. Temple, 105 Mich. 400.

COLLINS, J.

This is an action brought by the appellant, as receiver of the Mutual Fire Insurance Company of Chicago, to recover an assessment made by a decree of the circuit court of Cook county, Illinois, in the case in which the appellant was appointed receiver, against the respondent, upon his premium note of date July 26, 1887, and membership liability as a member and policy holder in said insurance company.

The answer admitted the execution and delivery of the note, and also the policy set out in the complaint, but averred that the note was executed and delivered, and the policy accepted, only by reason of certain fraudulent statements made by the insurance company and its agents with reference to its business and financial condition; alleged that such representations were made in order to cheat and defraud the defendant and others, and that on the strength of such representations the note was executed and the policy received, and not otherwise. It was also averred that the assessment was void because the defendant was called upon to contribute towards the payment of losses and expenses which accrued prior to the time when he became a member. It was also alleged that the insurance company was insolvent at all times at and after the execution of the said note, and continued to do business in violation of the law,

and that therefore the note was void; that the cause of action did not accrue within six years; and, further, that the cause of action did not accrue within five years. The answer demanded that the suit be dismissed, with costs; that plaintiff be compelled to surrender and cancel the note; and for further relief.

When plaintiff's counsel rested his case, counsel for defendant moved the court to instruct the jury to return a verdict for the defendant, which motion was granted, and an instruction given and verdict returned accordingly, to which exception was taken by counsel for plaintiff, who thereupon made a motion for judgment, or for a new trial, which was denied.

1. At the trial plaintiff's counsel offered in evidence a duly-certified copy, made by the state insurance commissioner, of a copy on file in his office of the original certificate of authority to do business in the state of Minnesota, issued to the insurance company in question, covering the year 1887, that being the year in which the note and policy were executed and delivered. Objection being made to the reception of this copy of a copy as insufficient, and not in compliance with G. S. 1894, § 3152, or with § 5733, the court excluded the offer. Therefore it was not shown that, at the time the insurance was solicited, the policy issued, and the note given, the defunct company, or its agent, had complied with the law (sections 3157, 3167, 3168), and had procured the required certificates of authority to transact business.

The primary question involved in this ruling is whether, in an action brought by a foreign corporation in this state, it is incumbent upon it affirmatively to prove compliance with the statutes, which require it to obtain a certificate of authority to do business within our borders; or is noncompliance a matter of defense simply? That plaintiff cannot recover in this proceeding unless the company he represents had complied with the requirements of the statute regulating the transaction of business in this state by foreign insurance companies is not questioned. Seamans v. Christian Bros. Mill Co., 66 Minn. 205, 68 N. W. 1065.

But the claim is that, having transacted business here and issued policies, the presumption, rebuttable of course, is that the law has been observed and the authority granted. While there has been

some diversity of opinion on this subject in the different states, we believe the rule which applies to the acts of a private individual is the proper one to be applied to the acts of a corporation, whether foreign or domestic, and that it is to be presumed that all things are rightly done unless the circumstances of the case overturn the presumption. Acts done by corporations which presuppose the existence of other acts to make them legally operative are presumptive proofs of the latter.

In this case, a promissory note having been executed and delivered, in which it appears that the consideration therefor was the delivery of an insurance policy issued by the payee of the note, a foreign corporation, we must presume that the issuance of the policy was within the power of the company until the contrary is duly made to appear. Williams v. Cheney, 69 Mass, 215; American v. Smith, 73 Mo. 368; Cassaday v. American, 72 Ind. 95; 6 Thompson, Corp. § 7965. And on the general subject of presumptions, see President of Bank of U. S. v. Dandridge, 12 Wheat. 70. We have not overlooked Solomon v. Dreschler, 4 Minn. 197 (278), which was practically followed in Olson v. Hurley, 33 Minn. 39, 21 N. W. 842; but we now hold that it was unnecessary for plaintiff, as part of his cause of action, to show that the insurance company had complied with the statute, and had obtained a certificate of authority to transact business within our borders. Noncompliance with the law in reference to foreign corporations was a matter of defense.

Nor was it necessary to show that its agent who solicited this insurance had complied with the statute. In view of the facts that in these days there are very many classes of business to be transacted for which authority, national or state, must first be obtained, that no well-founded distinction can be made between them, and that the rule contended for by defendant's counsel would have to be applied to every person, natural or artificial, whose business is prohibited, unless some police or revenue regulation is first observed, the courts should and must presume that these regulations have been complied with.

2. Plaintiff's counsel offered, and there was received in evidence, a certified copy of proceedings had, and of a decree made, by the

circuit court of Cook county, Illinois, in a proceeding instituted by the state auditor, as authorized and required by law, for the purpose of winding up the affairs of the insurance company in question as an insolvent concern. From this copy it appears that the court making the decree had jurisdiction of the subject-matter and of the corporation, and did therein and thereby levy an assessment of 65 per cent. on all policy holders whose notes remained unpaid, and among them this defendant. He was a member of the corporation, and was so far an integral part of it that, in view of the law, he was privy to the proceedings touching the corporation of which he was such member.

It was no more essential that all of the members should have been brought into the proceedings when the order of assessment was made than it was when the decree declaring the company insolvent and appointing a receiver was entered. The members of such corporations, like the shareholders in stock corporations, are parties to the proceedings through representation by the corporation itself. The assessment was not made by the directors as provided for in defendant's contract, but by the court, as the successor in this respect of the directors, and was, until directly attacked and set aside by appropriate judicial proceedings, conclusive evidence of the necessity for making such an assessment, and to that extent bound each of the members without personal notice to him. Great Western Tel. Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810. This is as far as the status of the present appeal requires us to go.

3. We cannot concur in the contention of defendant's counsel that it was not shown that his client was a member of the defunct company; for the answer admits the execution and delivery of the contract sued on, and that it was given in consideration of an insurance policy issued by the company and bearing the same date. By the express terms of this policy, as was also admitted by the answer, defendant became a member of the company, and agreed to pay an annual fixed premium of $170, and, in addition thereto, such sum or sums, not to exceed five times the amount of such annual premiums, at such time or times, in such manner and in such instalments, as the directors of the company might assess or order. The duty to assess devolved on the court on the failure of

the directors to perform their duty and the insolvency of the company.

4. As to the statute of limitations. The contract was made in 1887, and the promise was to pay by instalments, at such time as the directors might order or assess, for the losses and expenses of the company. Nothing became due until an assessment was made. The cause of action could not accrue until the assessment, and until then the statute did not begin to run, notwithstanding the dilatoriness and delay of the directors in levying the assessment. Smith v. Bell, 107 Pa. St. 352; Eichman v. Hersker, 170 Pa. St. 402, 33 Atl. 229. See also Great Western v. Gray, 122 Ill. 630, 14 N. E. 214; Lycoming v. Batcheller, 62 Vt. 148, 19 Atl. 982; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739.

5. This disposes of the case, and the court below erred in dismissing when plaintiff rested.

Order reversed and a new trial granted.

CANTY, J.

I concur in all of the foregoing opinion except some things that are said in the second division thereof. In my opinion, the assessment is no more conclusive when made by the court ex parte than it would be if it had been made by the board of directors while the corporation was a going concern.

The so-called "judgment" making the assessment is not a judgment at all, in any proper sense of the word, and, even if it were, it would not be binding on the stockholders or members of the corporation. A judgment against the corporation, after it has gone into the hands of an assignee or receiver in insolvency, is not binding on its stockholders. Danforth v. National Chemical Co., 68 Minn. 308, 71 N. W. 274; Schrader v. Manufacturers Nat. Bank, 133 U. S. 67, 10 Sup. Ct. 238. The so-called "judgment" assessing the members of the corporation stands in place of an assessment of the board of directors, and is no more conclusive. If such an assessment is excessive or improvident, but uniform, the only remedy is a direct proceeding to set it aside or reduce it. If each member was allowed to defend on that ground when he was separately sued on such an assessment, one member might be required to pay the full amount of the assessment, another only 75 per cent. of it,

another 50, and another 25 per cent. of it, so that there would be no uniformity in the amounts collected on the assessment. But if the assessment is unequal, as between the different members, then the member sued separately may attack the assessment, whether made by the board while the corporation is a going concern or by the court afterwards.

So far as some loose dicta in Great Western Tel. Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, conflict with this, and seem to hold that such an ex parte order has all the attributes of a judgment in personam, it should not be followed.