COMMONWEALTH MUTUAL FIRE INSURANCE COMPANY ET AL. V. HAYDEN BROTHERS.

FILED OCTOBER 18, 1900. No. 11,468.

1. **Policy of Insurance: RECITALS: CONTRACTUAL ELEMENTS.** Recitals which are not contractual elements of a policy of insurance are not conclusive on the parties thereto.

2. **Contract: STATE POLICY: ENFORCEMENT.** Contracts which contravene the established policy of this state can not be enforced by action in its courts.

3. **Foreign Insurance Company: CONTRACTS.** A foreign insurance company which has done business in this state without complying with the conditions prescribed by our statutes can not rightfully claim of our courts, as an exercise of comity, the enforcement of contracts made with our citizens insuring property in this state.

4. **Foreign Judgment: ASSESSMENT: INSOLVENT: SUMMONS.** Full faith and credit will be given a judgment of a sister state by which an assessment has been made against members of an insolvent mutual insurance company, although such members were residents of this state and not served with summons or other jurisdictional process.

5. **Stockholder: DECREE: CORPORATION.** A stockholder is bound by a decree of a court of equity against a corporation in enforcement of a corporate duty, although not a party as an individual, but only through representation by the company. *Hawkins v. Glenn*, 131 U. S., 319.

6. ————: **JUDGMENT: INTEGRAL PART OF CORPORATION.** The theory upon which a stockholder is held to be concluded by a judgment rendered against him in a suit brought to enforce a corporate obligation is that, although not personally served with process, he is before the court as an integral part of the corporation and that the corporation represents him.

7. **Mutual Insurance Company: MEMBERSHIP: JURISDICTION.** Membership in a mutual insurance company ceases with the expiration of the member's policy and payment of liabilities incurred while the policy was in force. Jurisdiction of such a company does not include jurisdiction of ex-members who are not in fact indebted on account of the policies which they once held.

8. ————: ————: ————: **PLEA.** And in an action in this state to enforce the judgment of a sister state against such ex-member he may allege and show that the court had no jurisdiction to render such judgment against him.

9. **Action to Enforce Foreign Judgment: ONUS PROBANDI.** In an action to enforce the judgment of a foreign court of general jurisdiction, the burden is on the defendant to show the non-existence of jurisdictional facts.

ERROR to the district court for Douglas county. Tried below before KEYSOR, J. *Reversed.*

*Richard S. Horton*, for plaintiffs in error.

*T. J. Mahoney, contra.*

SULLIVAN, J.

The Commonwealth Mutual Fire Insurance Company, a Massachusetts corporation, issued two fire insurance policies to Hayden Bros., insuring property owned by them and in their possession at Omaha, in this state. After one of the policies had expired, but while the other was in force, the company became insolvent and passed into the hands of a receiver, who brought this action to recover assessments made against the defendants for the purpose of paying losses and liabilities incurred. The district court held, on demurrer to the petition, that the facts pleaded did not constitute a cause of action, and gave judgment accordingly. Counsel for plaintiff contends for two propositions: (1) That the contracts were made in Massachusetts; that they are valid in that state, and therefore enforceable in this. (2) That the assessments were made by a court of general jurisdiction in the domicile of the corporation, and that the amounts charged against defendants and their obligation to pay the same are established by a valid adjudication.

Nothwithstanding the recitals of the policies indicating that they were issued by the company's Omaha agency, we think it clear that the averment of the petition, that they were executed in Massachusetts, must be taken as true. The recitals are not contractual elements, and consequently are not conclusive upon the plaintiff. It has, in effect, alleged that they are false, and no reason

is perceived why that allegation may not be sustained by proof. 1 Greenleaf, Evidence [15th ed.], sec. 285. But whether these contracts were made in Massachusetts or Nebraska, they contravene the policy of this state and could not be enforced by action in our courts. The statute prescribing the conditions upon which foreign insurance companies may do business here is a police regulation designed to protect our people against irresponsible insurers. It forbids them to do any insurance business, directly or indirectly, in this state until they have complied with its terms; and the principle of judicial comity does not require our courts to actively aid in the enforcement of contracts which interfere with, and tend to frustrate, the policy established by the legislature. *Rose v. Kimberly & Clark Co.*, 89 Wis., 545; *Cowan v. London Assurance Corporation*, 73 Miss., 321; *Seamans v. Temple Co.*, 105 Mich., 400; *Seamans v. Zimmerman*, 91 Ia., 363; *Chicago, B. & Q. R. Co. v. Gardiner*, 51 Nebr., 70, 78. The company having engaged in business in this state without authority and in defiance of the policy of our laws, is not now in a position to insist that our courts should, as an exercise of comity, give effect to its contracts. The defendants agreed to pay all lawful assessments made against them. This agreement was valid in Massachusetts, but will not support an action here. These remarks dispose of plaintiff's first contention.

The claim that the amounts of the assessments and the liability of the defendants to pay them are unalterably fixed by the decree and orders of the supreme judicial court of Massachusetts raises a question of jurisdiction which will be now considered. In *Hawkins v. Glenn*, 131 U. S., 319, 329, it was held: "The stockholder is bound by a decree of a court of equity against the corporation in enforcement of a corporate duty, although not a party as an individual, but only through representation by the company. A stockholder is so far an integral part of a corporation that, in view of the law, he is privy to the proceedings touching the body of which

he is a member." The rule thus laid down by the supreme court of the United States has been generally adopted by other courts (*Glenn v. Williams*, 60 Md., 93; *Mutual Fire Ins. Co. v. Phœnix Furniture Co.*, 108 Mich., 170; *Lycoming Fire Ins. Co. v. Langley*, 62 Md., 196; *Langworthy v. Garding*, 74 Minn., 325; *Parker v. Stoughton Mill Co.*, 91 Wis., 174; *Howard v. Glenn*, 85 Ga., 238), and is not questioned by the learned counsel for defendants. He concedes that the Massachusetts court had authority to make an adjudication binding upon the stockholders of the company without service of summons or other jurisdictional process upon them; but he insists that his clients were not stockholders when the assessments were made, nor at the time the liabilities were incurred upon which the assessments are founded. The petition shows that the policies issued to Hayden Bros. had expired before the assessments in question were made by the directors or confirmed by the court; and it fails to show that such assessments were made to meet losses or expenses incurred during the life of either policy. The allegations with respect to the assessments and the purposes for which they were made are as follows:

"6. And the plaintiffs aver that not being possessed of cash funds sufficient for the payment of incurred losses and expenses, and in pursurance of the decree of the supreme judicial court for the county of Suffolk, commonwealth of Massachusetts sitting in equity, in accordance with sections 47 and 49 of chapter 522 of the Acts of 1894 of the commonwealth of Massachusetts, on the 7th day of March, 1896, the directors ordered and made an assessment of $250,000 upon its members liable to assessment, which said assessment was subsequently ratified, confirmed and established by decree of said court, dated March 25, 1896; that afterward said assessment was computed and made up against those who had taken policies from said plaintiff company who were liable thereto, including said defendant, and was further ratified, confirmed and established as so computed and

made up upon the persons and for the amounts as appear
in the schedule annexed to the decree of said court dated
December 9, 1896, by which it appears that defendant
was assessed upon said policy for the amount of $105.55,
the same being the portion of its assessment on said
policy.

"7. Said decree was duly rendered, and said orders
were duly made by said supreme judicial court in said ac-
tion, in which George S. Merrill was complainant, and
said plaintiff company was defendant, said supreme judi-
cial court having jurisdiction both of the parties and the
subject-matter of said action. Said decree remains in
full force and effect, and the assessment against said
defendant so ratified by said decree remains unpaid."

The theory upon which a stockholder is held to be con-
cluded by a judgment rendered against him in a suit
brought to enforce a corporate obligation is that, although
not personally served with process, he is before the court
as an integral part of the corporation; that the corpora-
tion represents him, and that he is, as was said in *Haw-
kins v. Glenn, supra,* "privy to the proceedings touch-
ing the body of which he is a member." Assuming
that the Massachusetts laws in regard to mutual insur-
ance companies are like our own, it seems clear that
membership in such a company ceases with the expira-
tion of the member's policy and the payment of his share
of the liabilities incurred while the policy was in force.
If the member owes nothing on account of his policy and
the policy has expired, the corporation is no longer au-
thorized to represent him in court. Jurisdiction of the
corporation does not include jurisdiction of ex-members
who are not in fact indebted on account of the policies
which they once held. And it seems equally plain that a
court, in such case, can not invest itself with jurisdiction
by declaring that it has it, or by finding jurisdictional
facts which do not actually exist. The Massachusetts
court could not make a conclusive adjudication by find-
ing that the assessments which it ratified were based on

losses or expenses incurred during the time defendants were policy-holders. That would be concluding them by an adverse decision upon an issue which they had no opportunity to contest. The conclusiveness of the judgment depends upon the correctness of one of the findings upon which it rests. But while there can be no doubt about the right of defendants in this action to show that the assessments were not based on liabilities incurred during the period of their membership, and that the judgment pleaded is, therefore, void for want of personal jurisdiction, we think the petition is not defective for failing to allege the facts showing that the court acted within the limits of its authority. It was not for the plaintiff to show the existence of the jurisdictional facts; they should be presumed; it was for the defendants to show their non-existence. *Savin v. Bond,* 57 Md., 228; *Lowe v. Lowe,* 40 Ia., 220; *Bissell v. Wheelock,* 11 Cush. [Mass.], 277; *Leach v. Linde,* 70 Hun [N. Y.], 145, affirmed in 142 N. Y., 628. In *Council Bluffs Savings Bank v. Griswold,* 50 Nebr., 753, 757, it is said: "It will, upon reason and authority, be presumed, in the absence of proof to the contrary, that courts of general jurisdiction of other states possess the authority they assume to exercise, and that the methods of procedure pursued by them, although differing from the established practice in this state, are authorized by the laws of the states in which they act."

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.