# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

CITIZENS' STATE BANK OF MONTICELLO v. FRED BONNES
and Another.[1]

April 12, 1901.

Nos. 12,521—(94). [2]

**Indian Reservation—Logs—Employment of White Labor.**

The fact that a rule of the commissioner of Indian affairs, in relation to the cutting of logs upon a reservation provides that, with certain exceptions, "no white labor shall be employed in performing the work" of cutting and removing, will not prevent a white man from recovering an agreed compensation for hauling logs cut by Indians in accordance with the regulations, and sold, under a contract approved by the commissioner, to the men who contracted for such hauling.

Action in the municipal court of Minneapolis to recover $123.41 for work, labor, and services performed by plaintiff's assignors. The case was tried before Holt, J., who found in favor of plaintiff for $92.01. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Chas. P. Barker,* for appellants.

*Webster & Potter,* for respondent.

COLLINS, J.

Two Indians, Lyons and Burns, had complied with all the regulations of the commissioner of Indian affairs in relation to the

---

[1] Reported in 85 N. W. 718.  [2] See note on page iv. supra.

83 M.—1

cutting of timber on one of the reservations, and defendants West and Bonnes thereupon entered into a contract, approved by the commissioner, to purchase the logs to be cut by said Indians, and to make such advances of cash or merchandise as might be necessary during logging operations. Employed by defendants, James and Jackson Riggs, plaintiff's assignors, went upon the reservation, and with their teams hauled a large quantity of the logs so cut, and this action was brought to recover the agreed compensation therefor.

One branch of the defense was disposed of by the court below, trying the case without a jury, and the other arises out of the fact that one of the regulations of the interior department in relation to the cutting of logs on the reservations is that "no white labor shall be employed in performing the work," except in certain cases. It is contended by defendants' counsel that the contract of employment made between the defendants and the Riggses was illegal, because in contravention of this regulation, and therefore no recovery can be had on account of labor performed by the latter or with the teams. The defense is without a particle of merit.

Although there is no testimony upon the subject, we assume that the Riggses were white men, and therefore within the inhibition. But the cutting of the logs was lawful, because approved by the department officials. The sale to and removal by defendants was also lawful, for the same reason. The regulation was not directed against the laborer, nor against the work itself. It was solely for the benefit of the Indians, and in aid of public service. It was not a law, but merely a rule of administrative character promulgated by an executive officer. Probably the commissioner could have evicted these teamsters from the reservation, but it does not follow that defendants, who employed them, set them at work, and have enjoyed the benefit of their labor, can deprive them of compensation therefor. The regulation was not designed to aid in the perpetration of an injustice. The contract of employment was not contrary to good morals, nor was it prohibited by law; and the fact that the Riggses were at work in disregard of a rule of the commissioner of Indian affairs cannot

be allowed to prevent a recovery of their agreed compensation. It is advisable to say, in passing, that Rev. St. U. S. § 5388, has no bearing upon this question, and that two of the cases cited by defendants' counsel—Solomon v. Dreschler, 4 Minn. 197 (278), and Ingersoll v. Randall, 14 Minn. 304 (400)—are not in point.

It is urged that the trial court erred when admitting in evidence certain alleged copies of the time checks issued to the Riggses. If so, the error was not prejudicial, because, aside from this proof, there was an abundance of verbal testimony as to the amounts due on account of the work.

Order affirmed.