## CIRCUIT COURT OF BALTIMORE CITY.

Filed June 8, 1926.

### LIDA McLENDON
### VS.
### PHILIP T. McLENDON.

*S. Ralph Warnken* and *Francis B. Wiers* for plaintiff.

*James Fluegel* and *Harry C. Kalben* for defendant.

FRANK, J.—

The present proceeding originated in a bill of review filed on May 6th, 1925, by which this Court was asked to review the proceedings in the suit for absolute divorce brought in this Court by Philip T. McLendon against Lida McLendon, and to set aside and annul the decree divorcing *a vinculo matrimonii* said Philip from the said Lida. In addition a decree was prayed divorcing said Lida from said Philip on the ground of adultery, and for further relief.

The parties were married in Macon, Georgia, on March 17, 1901. Subsequently, they moved to Newark, N. J., where they lived for many years. A son was born to them who is now twenty years old. Their married life

was marked by much bickering and much domestic unhappiness. The husband treated the wife with harshness and cruelty. In May, 1918, she and her sister followed him and a young woman, whose name need not be mentioned, and came upon them in the act of committing adultery.

Thereafter, Mrs. McLendon refused to live with him as his wife, and on July 17, 1918, an agreement of separation was executed by them, under which he agreed to pay to her the sum of ninety dollars monthly for her support and that of their son. On June 1, 1920, she wrote to him a letter cancelling the agreement of separation on the ground that the amount therein stipulated to be paid was insufficient and demanding adequate support. On July 3, 1920, she filed in the Court of Chancery of New Jersey, her bill for maintenance on the ground of abandonment and on July 9, 1920, a decree was passed ordering him to pay her as temporary alimony, one hundred and fifteen dollars per month for her and the son's support, and fifty dollars counsel fee. This decree has never been rescinded or modified to this day. By endorsement thereon, it was approved as to form by Mr. McLendon's solicitor.

On November 1, 1920, he removed to Baltimore, where he has continuously resided until the present time. On August 1, 1924, he filed herein his bill for absolute divorce on the ground of abandonment, and his wife, having been made a party by publication, he was granted an absolute divorce on November 17, 1924. Mrs. McLendon had no actual notice of this proceeding, never appeared to it, and a decree *pro confesso* having been taken against her, the proceeding was entirely *ex parte*.

All through this period, he continued to pay her alimony, although from May 5, 1922, he reduced the amount to ninety dollars per month. Thereafter, he paid at that rate, although not regularly, his last payment being in May, 1925, nearly six months after he obtained his decree of divorce from this Court. The last two payments were each of sixty dollars. After all payments ceased, she for the first time learned of the divorce. A visit of the son to Baltimore, at the request of the father, elicited the information of the divorce and the remarriage of the father. She thereupon, on May 6th,

1925, commenced the present proceedings. The last check for $60 for the April payment was not presented for collection until after Mr. McLendon received notice of this proceeding and he promptly stopped payment thereof.

In the proceedings in this Court, which resulted in Mr. McLendon's divorce from Mrs. McLendon, no reference of any kind was made to the separation agreement of July 17, 1917, or to the decree of the chancellor of July 9, 1920. In passing the decree of absolute divorce of November 17, 1924, this Court acted in complete ignorance of either of these matters.

First: Mr. McLendon contends that the denunciation by his wife of the separation agreement rendered it null and void and released him from any obligation to call it to the attention of the Court. This may be conceded. The chancellor's decree for alimony *pendente lite* remained in full force and effect and Mr. McLendon continued to make payments under it throughout the proceedings in this Court, and as we have seen for several months after its final decree. In Sistare vs. Sistare, 218 U. S. 1, 16; 54 L. Ed. 905, 910, the Supreme Court in commenting upon its prior decision in Lynde vs. Lynde, 181 U. S. 187; 45 L. Ed. 814, held that where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested as they become due, and that the decree to the extent of such matured installments is therefore protected by the full faith and credit clause of the Federal Constitution, provided that no modification of the decree had been made prior to the maturity of the installments. "This general rule does not obtain where, by the law of the State in which a judgment for future alimony is passed the right to demand and receive such future alimony is discretionary with the Court which rendered the decree to such an extent that no absolute or vested right attaches to receive the installments ordered to be paid, even although not application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due." Sistare vs. Sistare, supra.

For the purpose of advising this Court as to the effect accorded to a decree for alimony in so far as overdue installments are involved, the testimony of Andrew Van Blarcom, a

member of the bar of the State of New Jersey for 24 years, was taken. Mr. Van Blarcom testified that in his opinion the Court of Chancery has no right "to disturb alimony already accrued or to relieve the defendant from the payment of the same" * * * that "as to future payments the Court of Chancery has authority to modify the decree." He admitted that he knew of no decision of the Courts of New Jersey holding that the Court has no right to relieve the defendant from the payment of accrued alimony, nor of any decision holding to the contrary. He stated that the language of an order for alimony *pendente lite* is identical with that in a final decree and that a final decree would not have given any different or better relief than that given in the order in this case.

No evidence was offered controverting this testimony, and I find, therefore, as a fact that under the law of New Jersey, the order of the Court of Chancery of New Jersey awarding Mrs. McLendon alimony *pendente lite*, in so far as it related to alimony accrued at the time of the institution by Mr. McLendon of the proceeding for divorce in this Court was one that could not have been modified by the Court of Chancery.

This has been expressly held to be the law elsewhere.

Phillips vs. Kepler, 47 App. D. C. 384, 387; Caffrey vs. Caffrey, 55 App. D. C. 285.

The evidence in this case discloses that a considerable arrearage of alimony was due at the time of the institution of Mr. McLendon's suit. On the authority of the Sistare case, supra, I hold that as to such arrearages the order of the Court of Chancery was entitled to receive full faith and credit in the Courts of this State.

By full faith and credit in this connection is meant that the New Jersey order must have in Maryland the faith and credit of an order of one of our own courts of competent jurisdiction.

Savin vs. Bond, 57 Md. 228, 233.

Such being the case, the divorce proceedings instituted by Mr. McLendon in this Court must be regarded as though, at the time of such institution, there was pending in Circuit Court No. 2 of Baltimore City, a proceeding against him for permanent alimony begun by Mrs. McLendon, upon which an order had been passed allowing her alimony *pendente lite;* that under this order arrearages had accrued; that this Court was not advised of the pendency of this proceeding and in complete ignorance thereof, upon service by mere publication, awarded to him an absolute divorce from his wife.

In my opinion, this concealment and suppression amounts to such intrinsic fraud as to require this Court, in the exercise of a sound discretion, to discharge the enrollment of the decree of absolute divorce of November 17, 1924, to set aside the said decree and to reopen the case.

Foxwell vs. Foxwell, 122 Md. 264, 273, etc.

Second : Another ground exists which requires the same action. Mr. McLendon, all through the divorce proceedings instituted by him, continued the payments on account of alimony under the order of the Court of Chancery, and did not discontinue them until several months, not merely after the passage of the decree, but after the enrollment of the decree. Mrs. McLendon had no actual notice of the proceedings, the process was that of publication, until after the stoppage of payments. Such action was obviously intended to lull her into a state of security and the decree obtained was procured by such fraud and surprise as to require the enrollment thereof to be discharged and the decree itself to be stricken out.

Gechter vs. Gechter, 51 Md. 187.

In that case, the wife had actual notice of the pendency of some proceeding. The Court should be all the more ready to act, where, as in the instant case, there is no actual notice of any kind to the wife.

See also Galloway vs. Galloway, 125 Md. 511.

Third : It is contended on behalf of Mr. McLendon that the execution by Mrs. McLendon of the agreement of separation of July 17, 1918, at a time when she was aware of his adultery, amounts to acquiescence and connivance therein and disentitles her to an absolute divorce on the ground of adultery. Reliance is placed on Barclay vs. Barclay, 98 Md. 366, where it was held that a voluntary deed of separation between the spouses constituted a bar to the wife's demand for a divorce *a mensa et thoro* on the ground of desertion.

The reason for this rule is obviously to be found in the fact that the parties by the agreement of separation had affected the very purposes which a decree *a mensa et thoro* accomplishes. Such a decree is unnecessary and perhaps improper, unless circumstances occurring after the making of the agreement render it necessary and proper that the relation of the parties as thus established be changed. *Ibid* at p. 372 and fol.

As the divorce obtained by Mr. McLendon in this Court was based on Mrs. McLendon's alleged abandonment, the decision in Barclay vs. Barclay, supra, would probably have prevented him from securing his decree of divorce, had the circumstances been called to the attention of this Court. But, Mrs. McLendon's application herein is for an absolute divorce on the ground of adultery and the Court of Appeals in J. G. vs. H. G., 33 Md. 406 and Kremelberg vs. Kremelberg, 52 Md. .557, held that a deed of separation "is no bar to a suit for divorce for adultery, although it appeared the offence was known to the wife at the time the deed was executed." Barclay vs. Barclay, supra, at page 372. Had Mr. McLendon not brought his divorce proceedings in this Court, but had merely discontinued his payments of alimony and had Mrs. McLendon then brought suit for divorce, it might fairly be argued that as she was still his wife and as such entitled to support, her suit for divorce would not have been brought in good faith but for a collateral purpose. By this action in obtaining a divorce without actual notice to her, which if permitted to stand, will cut off his wife from any claim for support, he forced her to take proceedings to have his divorce set aside and her right to support reinstated. This change in Mrs. McLendon's situation, brought about solely by Mr. McLendon's course of conduct, is in the language of the opinion in J. G. vs. H. G., supra, at p. 410, "a sufficient answer to the suggestion that" "she has lost" her "remedy by laches or acquiescence, or that" her "application for a divorce was not made in good faith or for the cause assigned."

See also Kremelberg vs. Kremelberg, supra, at p. 560 and fol. Barclay vs. Barclay, supra, at p. 372 and fol.

For these reasons, I shall discharge the enrollment of the decree of November 17, 1924, and set aside the decree itself. As the charge of adultery against Mr. McLendon is made out, I shall grant Mrs. McLendon a divorce *a vinculo matrimonii*. The matters of alimony and counsel fees will be reserved for future determination.